## W. S. CLARK v. O. C. FARRAR.

An agreement in writing or deed, which purports on its face to be an agricultural lien, only for future advances, cannot be supported as a mortgage (as against a purchaser,) for a different purpose, and founded on a consideration not expressed, but concealed or disguised in the deed.

In order to create a valid agricultural lien, under the Act of the General Assembly, it must appear :

(1.) That the advances must be money or supplies.

(2.) They must be made to the person engaged, or about to engage, in the cultivation of the soil

(3.) They must be made after the agreement is perfected.

(4.) They must be made to be expended in the cultivation of the crop during that year.

(5.) The lien must be on the crop of that year, made by reason of the advances so made.

CIVIL ACTION tried before *Seymour, J.*, at July (Special) Term, 1875, of EDGECOMBE Superior Court.

The facts of this case are substantially as follows :

On the 5th day of July, 1873, one Barnhill executed to the plaintiff a mortgage on his personal property and crop, to be made during that year on the land of Alman Heart in said county, being indebted to the plaintiff in the sum of five hundred and thirty dollars, for advances made to him to enable him to plant and cultivate, and at the same time and by the same instrument gave the plaintiff a lien on said crop to secure advances to be made after that time for the same purpose, not to exceed $600. The plaintiff continued to make advances to Barnhill during that year, and on July 19th, 1875, Barnhill was indebted to the plaintiff on account of said advances, in the sum of $515.36.

In December, 1873, the defendant seized 11 bales of cotton of said crop and sold them, and the net proceeds of sale amounted to more than the plaintiff's debt against Barnhill. Said instrument containing a mortgage and lien was duly registered.

The plaintiff demanded of the defendant the proceeds of the sale ot said cotton to the amount of his debt against Barnhill, and the defendant refused to pay the same.

On the 22d day of April, 1873, the said Barnhill executed to the defendant an instrument in words and figures as follows :

STATE OF NORTH CAROLINA, }
    Edgecombe County. }

Whereas, John J. Barnhill has applied to O. C. Farrar to aid and assist him in carrying on his agricultural operations during the present year in Edgecombe county, and the said O. C. Farrrar has agreed to make advances for that purpose said John J. Barnhill in supplies to the extent of five hundred and seventy-two 15-100 dollars, in value, if required, provided he is made secure against loss by reason thereof. Now, therefore, be it known that the said John J. Barnhill, in consideration of the premises, has agreed, and by these presents does agree to and with the said O. C. Farrar, that as a security for the payment of all such supplies, not exceeding $572.15 in value) the said O. C. Farrar shall have a lien on all the crops which he, the said John J. Barnhill shall grow, produce and harvest in the present year on the land of Almon Hunt, in said county, and now being or about to be cultivated by him, according to the true intent and meaning of an act of the General Assembly, made to secure advances for agricultural purposes ; to be null and void however, if the said John J. Barnhill pays the said O. C. Farrar for all such supplies advanced as aforesaid, by or before the 1st day of November, 1873 ; otherwise the said O. C. Farrar is hereby fully authorized and empowered with full right of ingress and egress to enter and seize the crops aforesaid, and sell the same, and should any balance remain due, then to sell at public sale after ten days advertisement, for cash, so much of the said per-

sonal property conveyed as will satisfy the same and costs of sale.

In the event of the death of the said John J. Barnhill, the said O. C. Farrar is authorized to take possession of the said crops and continue the cultivation and housing of the same, and to sell so much thereof as may be sufficient upon sale thereof to satisfy such advances and all expenses of making and executing these presents and any debt incurred by the death of said party as aforesaid. And the said John J. Barnhill does covenant, promise and agree to and with said O. C. Farrar that he will by or before the 1st day of January next, sell and deliver to the said O. C. Farrar in Tarboro', all the cotton which he may produce and gather in the present year, at the market price or value at the time of delivery, or that he will deliver the cotton to the said O. C. Farrar to be shipped to New York for sale there and the net proceeds accounted fer by the said O. C. Farrar to the said John J. Barnhill, after retaining whatever may be then due him for advances.

In testimony whereof the said John J. Barnhall has hereunto subscribed his name and affixed his seal, the 22d day of April, 1873.

(Signed)            JOHN J. BARNHILL, [Seal.]

*Witness :*

    J. P. Dilingham.

This instrument was duly registered on the 23d day of April, 1873.

The defendant testified : That Barnhill owed him a debt for merchandize contracted in 1872, and requested him to postpone the payment thereof until the Fall of 1873, saying it was not convenient, but that he could and would pay it if defendant insisted on it. The defendant told him that the firm of Farrar, Pippin & Co., of which he was a member, would advance the money and take a lien on his crop. Barn-

hill replied that he did not care to have any transaction with Mr. Pippen, one of the firm. The defendant then agreed that he would take a lien on the crop for the debt of $572.15, saying he would himself advance the money, pay the debt, and take the lien. Thereupon the aforesaid instrument was executed, and the debt paid.

On cross-examination, the defendant testified, that he did not know whether the book containing the account was balanced on that day, but he told his book-keeper to balance it. The transaction between himself and Barnhill was entirely a paper transaction and that no money passed.

Barnhill testified : That he could have raised the money to pay the defendant's debt, but that it would have embarrassed him in his agricultural operations. At the time he executed the instrument to the defendant all of his crop was. planted except about twenty-five acres of cotton.

On cross-examination the witness stated that he did not know where he could have obtained the money.

The court held that the said instrument relied on was not an agricultural lien, for the reason that it was not made to. secure advances made for agricultural operations.

To this ruling the defendant excepted.

The defendant then insisted that it was valid, as a mortgage on the crop of Barnhill during that year. The court held that it could not operate as a mortgage, for want of operative words, and instructed the jury that the plaintiff was entitled. to recover.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Johnson* and *Phillips*, for appellant.
*Howard & Perry*, contra.

BYNUM, J. It is not denied that the agricultural lien of the plaintiff was executed according to the statute, and is valid, and that he is entitled to recover in this action, unless the

44

agreement in writing between Barnhill and the defendant is valid, either as an agricultural lien or a mortgage. So the only question is, whether that agreement is valid for either purpose.

I. Is it an agricultural lien? That depends upon the construction to be given to the act authorizing such liens to be given, Bat. Rev., chap. 65, sec. 19. That section is as follows: "If any person or persons shall make any advance or or advances, either in money or supplies, to any person or persons who are engaged in, or about to engage in the cultivation of the soil, the person or persons so making such advance or advances, shall be entitled to a lien on the crops which may be made during the year upon the land, in the cultivation of which the advances so made have been expended, in preference to all other liens, existing or otherwise: *Provided*, an agreement in writing shall be entered into before any such advance is made, to this effect," &c., which agreement is to be recorded. From this it is clear, 1. That the advances must be in money or supplies; 2. To the pe.son engaged or about to engage in the cultivation of the soil; 3. After the agreement is made; 4. To be expended in the cultivation of the crop made during that year; 5. And the lien must be on the crop of that year, made by reason of the advances so made.

Now it is found by the jury as a fact, that the defendant made no advances whatever, after the execution of this agreement, or before, towards the cultivation of the crop on which his lien was taken. The lien can only be by force of the statute and by a compliance with its requirements. The statute has not been followed, and to sustain this agreement as an agricultural lien, would be to utterly defeat its letter, and the public policy embraced in the statute. The agreement, as an agricultural lien, contains a falsehood and a fraud upon its face. Not a dollar was advanced or intended to be, though it was promised in the agreement. The real purpose was to se-

cure an antecedent debt due to the defendant by Barnhill, which was created the year previous.

II. Failing to establish the deed as an agricultural lien, the defendant next seeks to set it up as a mortgage to secure an old debt.

Without stopping to enquire whether the only operative words in the defendant's deed, to wit, " the said O. C. Farrar *shall have a lien* on all the crops," &c., can be construed into a conveyance of the crops to the defendant, we pass to that view of this part of the case which is decisive. It is this : An agreement in writing, or a deed which purports on its face to be an agricultural lien only for future advances cannot be supported as a mortgage for a different purpose, and founded on a consideration not expressed, but concealed or disguised in the deed. A deed must speak the truth. Creditors and subsequent purchasers have the right to know what encumbrances are upon property and the extent of them. They are entitled to this information from the deed itself, and for that purpose are our registration laws enacted. The defendant attempts to sail under false colors. That the law does not countenance. The deed may be good between the parties to it, but the plaintiff is a purchaser for value, and as to him the deed is inoperative. It professes to be an agricultural lien in form and substance, and it must have that effect or none. As it does not have that effect, it is void as to the plaintiff.

There is no error.

PER CURIAM.                              Judgment affirmed.