JNO. S. REESE & CO. v. WILLIS COLE.

*Agricultural Advancements—Liens—Registration—Contract.*

1. Where the agreement to advance agricultural supplies is confined to a single transaction and to the delivery of articles or money, to be used in making the crop, it is immaterial which act is done first—the delivery of the supplies or the reduction of the agreement to writing—if both acts are done at the same time and in execution of the contract.

2. The requirements contained in the *proviso* to section 1799 of The Code, are for the protection of creditors and others who may have dealings with the debtor.

3. As it has been held that the *registration* of the agreement is not essential to the validity of the lien, as *between the parties thereto*, whether a compliance with the other requirements contained in the statute is necessary, *as between the parties*; *Quære?*

(*Gay* v. *Nash*, 78 N. C., 100; *McKay* v. *Gilliam*, 65 N. C., 130; *Womble* v. *Leach*, 83 N. C., 84, cited and approved; *Clark* v. *Farror*, 74 N. C., 686, and *Patapsco* v. *Magee*, 86 N. C., 350, distinguished).

This was an ACTION tried before *Clark, Judge*, at Fall Term, 1885, of the Superior Court of JOHNSTON county, to enforce a paper writing purporting to be an agricultural lien, which is in these words, to-wit:

BENTONSVILLE, Johnston Co., N. C., May 1st, 1884.
$225.00.

On or before the first day of November next, I promise to pay to John S. Reese & Co., of Baltimore, Md., or order, two hundred and twenty-five dollars for value received in fertilizers delivered to me by L. Richardson, agent for said John S. Reese & Co. It is agreed that payment may be made in cotton, on basis of middling at twelve and a half cents per lb., if paid by first November, 1884.

45 Sacks Soluble,         ⎫
... Pacific Guano,        ⎬
... Sacks Acid Phosphate, ⎭

In consideration of the contract made by John S. Reese & Co. to deliver said fertilizers, and of said advances, and as security for this obligation, the maker of this note hereby gives them a lien on all crops raised on lands owned or rented by me during the present year, pursuant to the provisions of the Acts of the Legislature in such cases made and provided; and also agrees to pay all costs and charges incurred in enforcing this lien and collecting the amount due.

Witness my hand and seal, this 1st day of May, 1884.

WILLIS COLE, (Seal).

Signed in presence of L. RICHARDSON.

The plaintiff sued out a writ of claim and delivery and thereunder seized certain crops belonging to the defendant, and the case coming on for trial, the plaintiff offered to put in evidence the said instrument of writing, which was objected to by the defendant upon the ground that it was neither a mortgage nor a valid agricultural lien; which was overruled by the Court and the defendant excepted. The plaintiff then introduced their agent, L. Richardson, who testified that the fertilizers were delivered and furnished before the execution of the said paper writing. Whereupon the defendant asked the Court to instruct the jury that the plaintiff could not recover for the property claimed,

because the supplies were furnished before the execution of the written agreement; which was refused by the Court, and the defendant excepted and appealed from the judgment pronounced against him.

The errors alleged are:

1. The admission in evidence, against defendant's exception, of the said paper writing:

2. The instruction to the jury that plaintiffs had the right to recover the property claimed, notwithstanding the fact that the supplies or fertilizers were furnished and delivered before the paper writing was executed.

*Messrs. J. H. Abell* and *Reade, Busbee & Busbee,* for the plaintiffs.

*Messrs. Pou & Massey* and *Samuel H. Wilder,* for defendant.

SMITH, C. J.   The only question before us is as to the legal efficacy of the sealed instrument, executed by the defendant in conferring a right to the property or to the possession of it.

The section of the statute which gives the lien for advances to be used in making the crop, contains the following proviso: *Provided,* an agreement in writing shall be entered into *before any such advance is made,* in which shall be specified the amount to be advanced, or in which a limit shall be fixed, beyond which the advances, if made from time to time during the year, shall not go; which agreement shall be recorded in the office of the register of the county in which the person to whom the advances are made resides, within thirty days after its date. Code, sec. 1799.

Now the prescribed conditions upon which the lien becomes effectual, are the previous reduction of the contract for it to writing, setting out its terms, and registration within thirty days thereafter; these provisions being manifestly for the security of creditors and others who may have dealings with the debtor and otherwise might not know of the encumbrance upon the crop.

And so it has been held that registration is not essential to the validity of the instrument as between the parties to it. *Gay* v. *Nash*, 78 N. C., 100.

If registration is not necessary in a controversy between them, which is enjoined in as imperative terms as the committal of the lien contract to writing before advances are made, it would be reasonable to consider such requirements as intended for the protection of acquired rights of others to the property and not as indispensable to the agreement where the parties alone are concerned.

While the statute requires the writing to precede in the order of time the advances made as separate transactions, so that it should not be operative as a security for an existing debt, its construction does not require this when the delivery of the articles or money is to be used in the making the crop; and the agreement is a single transaction betweeen the parties, executed by one in making the advances, and by the other in providing the statutory security for their payment. In such case it is indifferent which act is first done, if both are done at the same time and in execution of their contract and understanding. The purpose is to enable the former to obtain the means of making his crop by creating a lien upon it when made, and the proviso is for the protection of others who may deal with him.

It does not allow this to be done to secure a pre-existing debt, but only to provide for the making of the crop through supplies furnished for the purpose. This interpretation fulfils all the useful ends intended in the enactment and is in consonance with its terms.

A similar method of construction was pursued in ascertaining the meaning and giving effect to a section in the act of September 11th, 1861, which declares that "all deeds of trust and mortgages hereafter made and judgments confessed to secure debts shall be void as to creditors," unless providing for the payment *pro rata* of all the debts and liabilities of the maker.

It was held in *McKoy* v. *Gilliam*, 65 N. C., 130, that notwithstanding the broad terms of the act, its purpose was "to take

from debtors the right to give preference to some creditors to the exclusion of others," and its operation was confined to pre-existing debts, and did not include a loan contracted at the time of the execution of the deed and secured by it.

The cases cited in the argument are not in conflict with this view.

In *Clark* v. *Farrar*, 74 N. C., 686, the instrument in form proposed to secure future advances, while in fact it was to secure a debt contracted the previous year. This was declared to be a fraudulent deed, not authorized by the statute, and BYNUM, J., lays down, as the fundamental condition required by the statute, that "the advances must be in money or supplies to the person engaged or about to engage in the cultivation of the soil; after the agreement is made; to be expended in the cultivation of the crop made that year; and the lien must be on the crop of that year made by reason of the advances so made."

The same strictness in interpreting the act is reiterated in *Patapsco* v. *Magee*, 86 N. C., 350, and we do not relax the rule when we declare that when the furnishing the supplies and the making the securing instrument are contemporaneous, constituting one transaction of which these acts are parts, it is not material which precedes in *actual time*, for in contemplation of law both are done at one and the same time. This view is suggested in the opinion in *Womble* v. *Leach*, 83 N. C., 84, as a reasonable construction which accomplishes the substantial purposes intended.

We have some difficulty in understanding the statement of facts. In the defendant's covenant, which undertakes to affix the lien on the crops, the consideration therefor is recited to be the plaintiff's agreement to deliver the fertilizer, and not the value of fertilizers already delivered, an act to be done in the future, and not an act already done, while the testimony of the witness is that they had been furnished when the defendant executed his covenant—but how long before, and whether in fulfilling the parts of a reciprocal contract made at the same time, does not appear.

These discrepancies admit of reconciliation only upon the supposition that the undertakings were contemporaneous, and while the execution of that of the plaintiff was prior in time to execution of that of the defendant, both were in fulfilment of a common contract as an entirety. We assume this to have been the case upon the meagre statement in the record, and if otherwise, the defendant should have made it to appear, as it devolves upon an appellant to assign error, in the rulings of which he complains, and the facts upon which the error depends.

We affirm the ruling of the Court, because it does not appear that the sale and delivery of the goods, as an advance, was, in the sense of the statute, not before but coincident with the giving of the statutory security therefor upon the crops.

There is no error, and the judgment must be affirmed.

No error.                                             Affirmed.