## Williams & Williams et al. *v.* Crook & Gaddis.

1. **Deed of Trust.** *Description of horse. Certainty.*
   Where a deed of trust upon a horse describes the animal by age and color and as being in the possession of the grantor, such description is sufficiently certain.

2. **Same.** *On personalty. Attempt to substitute other property.*
   The parties to a deed of trust on personal property cannot substitute other property for that embraced in the deed, so as to affect third persons having no actual notice of the attempted substitution.

3. **Same.** *Provision as to after-acquired property.*
   A provision in a deed of trust, purporting to convey all the property which the grantor may acquire, by purchase or otherwise, after the execution of the deed is, because of its uncertainty, void as to third persons.

Appeal from the Circuit Court of Hinds County.

Hon. T. J. Wharton, Judge.

On the 9th of February, 1884, A. W. Porter executed a deed of trust to J. H. Williams, as trustee, for the benefit of Williams & Williams, upon the crops to be grown by the grantor during that year, and, as the deed recited, "the following described property now in my [the grantor's] possession, viz.: one black horse, ten years old; * * * and any increase of property, real or personal, that may be hereafter acquired by purchase or otherwise."

Some time after the execution of the deed of trust Porter traded the horse described in the deed of trust for a mule, and then sold the mule to Crook & Gaddis.

Thereupon Williams & Williams and their trustee, J. H. Williams, brought this action against Crook & Gaddis to recover the value of the mule sold to the defendants by Porter, on the ground that the mule was subject to the plaintiffs' deed of trust.

P. P. Williams, one of the firm of Williams & Williams, testified that just after Porter traded for the mule, it was agreed between him and the witness that the mule should stand in the place of the horse traded for it, and be subject to the deed of trust as the horse had been.

The defendants, Crook & Gaddis, each testified that they bought the mule from Porter without any knowledge that it had been received in exchange for a horse covered by a deed of trust, or even of the existence of the deed of trust itself.

In the circuit court the parties waived a jury, and the case was tried by the judge, who rendered a judgment in favor of the defendants, and thereupon the plaintiffs appealed to this court.

*Wells & Williamson,* for the appellants.

This action by the trustee for the value of the mule against Crook & Gaddis will lie. The trustee had title to the mule, and the purchaser of property with notice conveyed by deed of trust is liable to answer in assumpsit for the value of the same. *Elson* v. *Barrier,* 56 Miss. 396 ; 55 Miss. 376 ; 56 Miss. 745.

The court below erroneously held that Crook & Gaddis were innocent purchasers without notice. Crook & Gaddis had all the notice which the law requires. The deed of trust was on record, and covered all the *property, both real and personal, which Porter should acquire.* They had constructive notice of this. They bought the mule from Porter, and knew from him it was *his mule.* Crook & Gaddis had all the notice necessary to put them upon inquiry, and they cannot claim to be innocent purchasers for want of notice.

Whatever will put a party upon inquiry, which, if pressed with ordinary diligence and understanding would lead to a knowledge of

the requisite fact, is notice of it; and a purchaser about to deal with property, who has notice of facts which, if followed up, will discover the truth, is put under duty to make the investigation, and if he fails to do so is charged with knowledge which the inquiry would have disclosed. *Buck* v. *Paine,* 50 Miss. 648; 2 G. 324; 42 Miss. 99; 43 Miss. 260.

There was no trouble to identify the horse from the description in the deed of trust. This is all that is necessary to make a description good. The fact that "Hinds County" happens to be omitted in one place in the deed of trust cannot invalidate it. This court is too familiar with the authorities as to sufficiency of description to trouble with citing them.

*H. Peyton & B. H. Wells,* for the appellees.

We insist that the deed of trust was void for uncertainty, and had the case been before a jury would have been inadmissible. It did not state county or ownership. "Ten years old" was no qualification to the description, for Williams testifies that after a horse reaches eight years his age is not indicated by any of the usual marks, etc. One bay mare and colt, five years old, is a void description. *Brown* v. *Roberts,* 58 Miss. 126; *Criddle* v. *Davis,* MS. op., Oct. T., 1882; *Cowden* v. *Lockridge,* 60 Miss. 385. In *Criddle* v. *Davis* the age, as a matter of course, had reference to the mare and not colt. See also *Nicholson* v. *Carpe,* 58 Miss. 36; *Kelly* v. *Reed,* 57 Miss. 89. It can't be contended that Crook & Gaddis had actual notice of the deed of trust; they had no notice of the exchange.

Both Crook and Gaddis say they had no knowledge of these facts, and that nothing came to their notice to suggest anything. This was a question of fact, submitted to the court and by him determined, with all the facilities for reaching a correct determination—having the witnesses before him, seeing their manner of testifying, etc.—and we do not think this court will disturb his finding if that point should be the test.

As to the effect of the clause in said deed of trust conveying after-acquired property, we think that it would hold good only as between the parties or persons affected by actual notice. *White* v. *Thomas,* 52 Miss. 49. And this is virtually held in *Marx* v. *Davis,*

55 Miss. 376. In that case Marx had information from Martin—— " express notice of the trust deed."

If the deed of trust conveying the " black horse, ten years old," was void for want of proper description, could that fatal defect be cured by trading off the badly described horse for a mule of no description ? If so, the after-acquired clause in appellant's trust deed is all powerful.

To invoke the rule of affecting purchasers for a valuable consideration in good faith, with constructive notice of a clause conveying after-acquired property, would, indeed, be a great restriction upon trade.

ARNOLD, J., delivered the opinion of the court.

The description of the horse by age and color, and as being in the possession of the grantor at the time the deed of trust was executed, was sufficient. The deed of trust was not void for uncertainty as to the description of the horse. *Kelly* v. *Reid,* 57 Miss. 89 ; *Nicholson* v. *Karpe,* 58 Miss. 34.

There could be no exchange or substitution of other property in lieu of that described in the deed of trust, even by agreement of the parties, so as to render the deed of trust a lien upon the substituted property as against third persons having no actual notice of the agreement and substitution. The registration of the deed of trust was not constructive notice to third persons of the alleged lien of appellants upon the substituted property. Jones on Chat. Mort., §§ 62, 71 ; *Sharpe* v. *Pearce,* 74 N. C. 690.

Porter did not own the mule in question when the deed of trust was executed, and if appellants have any right to the mule or its value it must exist under that provision of the deed of trust which attempted to convey all the property which the grantor might acquire by purchase or otherwise, after the deed of trust was executed. But this provision of the deed of trust, by reason of its generality and uncertainty in the description of the property sought to be conveyed by it, is inoperative against a subsequent purchaser. It is utterly void as to third persons. *Miss. Valley Co.* v. *Chicago, etc., R. R. Co.,* 58 Miss. 896 ; *Everman & Co.* v. *Robb,* 52 Miss. 653 ; Jones on Chat. Mort., § 174.          *Affirmed.*