S. R. TOWNSEND and J. W. CARTER v. McKOY McKINNON.

*Agricultural Lien—Chattel Mortgage—Construction of Contract.*

Where it is clear that the creation of an Agricultural lien was intended by the parties, and the agreement embodies all the requisite elements, it will be enforced as such, though it contains words of conveyance and is in the form of a chattel mortgage. *The Code,* §§ 1799, 1804.

This was a summary proceeding begun before the Clerk of the Superior Court of the county of Richmond, as allowed by the statute, (*The Code,* §1804,) to enforce a lien upon the crops described in the warrant, for advances made, &c. After the warrant had been issued, and the sheriff had seized the crops and delivered the same to the plaintiffs, upon motion of defendant, the clerk dismissed the proceeding, upon the

ground that the instrument upon which the plaintiffs founded their proceeding was not such lien, but a chattel mortgage. The plaintiffs appealed from the order of dismissal to the Judge at Chambers, who reversed the same, and gave judgment for the plaintiffs, from which the defendant appealed to this Court.

*Mr. Frank McNeill*, for the plaintiffs.
*Mr. Platt D. Walker*, for the defendant.

MERRIMON, J., (after stating the case.)   The following is a copy of the paper writing in question, omitting immaterial words:

Whereas, S. R. Townsend & Co. have agreed to make advances of agricultural supplies, &c., to McKoy McKinnon, who is engaged in the cultivation of the soil, to enable him to cultivate his farm, adjoining the lands of (describing it) for the year 1886, to the value of $1,000.00, and not to exceed $1,000.00; and whereas, McKinnon agrees with Townsend & Co. to cultivate not less than seventy-five acres in cotton, fifty acres in corn, fifty acres in peas, and a certain other number of acres in tobacco and potatoes; now therefore, in consideration of the premises and in pursuance of the law in such case made and provided, the said McKinnon does hereby give, grant, bargain and sell to said Townsend & Co. all the crops of any kind which may be made by him during the present year on said farm, upon the trust that in default of payment of the said $1,000.00 on or before the 1st day of November, 1886, for the advances so made; or if McKinnon shall fail to deliver to Townsend & Co. all the crops by the day aforesaid, at Shoe Heel, then the said Townsend & Co. shall have full power to take into their possession all of said crop, wheresoever the same may be found, and sell so much thereof as may be necessary by public auction, for cash, to the highest bidder, first advertising, &c., and

from the proceeds of such sale, to retain the amount due for the advances so made and the expenses of executing this trust; but if McKinnon shall well and truly pay the advances aforesaid or deliver the crop to Townsend before the 1st of November, 1886, then this deed shall be void, otherwise to remain in full force and effect. I hereby certify that said crop is unincumbered by any other lien, and that I will be due no rent to any one on said land. In witness whereof, &c., this March 30, 1886.

(Signed and sealed by McKinnon.)

The question presented by the appeal is, can the instrument above set forth be upheld under the statute, (*The Code*, § 1799,) as an agricultural lien?

That the parties to it intended it to be and to create such a lien, is manifest from the nature of the things agreed to be done—the reference to the lands to be cultivated—the crops to be produced—the manner of disposing of the same when matured, and the laws allowing such liens to be created.

It appears from the face of the agreement, that the defendant was engaged in the cultivation of the soil; that the advances of agricultural supplies were to be made after its execution, to enable the defendant to cultivate the land and produce the crops designated, during the year 1886, and that the maximum of such advances was fixed. There was in it a strict observance of the material requirements of the statute, and the latter operated to create the lien upon the crops to be produced, in favor of the plaintiffs.

There are words in the agreement that purport to convey the crops to the plaintiffs, coupled with a trust and a power of sale to be exercised in the contingency provided against, and it is insisted by the learned counsel for the appellant, that these words create a chattel mortgage, containing a power of sale, and therefore, no statutory lien arises to be enforced by the summary proceeding allowed by the statute.

It is clear, however, that notwithstanding the words of con-

veyance, that might have been omitted, the purpose was to create such a lien as that contemplated by the statute. The agreement, after setting forth the requisites of an agricultural lien, proceeds: " now therefore, in consideration of the *premises and in pursuance of the law in such case made and provided,*" &c., thus plainly indicating a purpose to pursue, give effect to, and have the benefit of the statute. In effect, only a lien was created by the words of conveyance used. No particular form of agreement is prescribed whereby the lien is created; when, therefore, it embodies the requisites prescribed, and the intent of the parties to create the lien contemplated by the statute is clear, whatever the form, the lien at once arises. In such case, the agreement, though it have the form of a chattel mortgage, must be so treated as to effectuate the intent of the parties, and in connection with and under the statute, the latter becomes a part of it, directs the intent, and gives character to the lien.

The words of conveyance and those employed immediately in connection therewith, in substance and effect, create the lien contemplated by the statute, and the plain intent of the parties renders it identical therewith. We therefore are of opinion that the Court properly reversed the order of the clerk dismissing the proceeding. To the end that further action may be had therein, let this opinion be certified to the Superior Court. It is so ordered.

No error. Affirmed.