D. D. BROWN and wife v. JONAS H. BROWN.

*Landlord and Tenant—Crop—Liens—Advancements.*

1. The "advancements" for which a lien is created in favor of a landlord by § 1754, *The Code*, embraces anything of value supplied by the landlord to the tenant, or cropper, in good faith, directly or indirectly, for the purpose of making and saving the crop.
2. When such advancements of such things as in their nature are appropriate and necessary to the cultivation of the crop, *e. g.*, farming implements and work animals, they will be presumed to create the lien ; but where they are of articles not in themselves so appropriate and necessary—*e. g.*, dry goods and groceries—whether they will constitute a lien depends upon the purpose for which they were furnished, and it must affirmatively appear that they were made in aid of the crop.
3. Where the landlord furnished board to the tenant and his family while the crop was being cultivated, it was the duty of the Judge to

charge the jury, that if the landlord supplied the tenant and his family with board, to the end that he might make and save the crop, nothing to the contrary appearing, the reasonable value of such board would constitute an advancement within the meaning of the statute.

CIVIL ACTION, in which there was a claim and delivery, tried before *Boykin, J.,* at the August Term, 1891, of DUPLIN Superior Court.

It was admitted that defendant cultivated for agricultural purposes, lands of plaintiffs in the year 1890, under and by virtue of the following contract, viz: "That plaintiffs would furnish land and team, and defendant perform the labor and divide the crops raised equally between them." It was further admitted that the property in controversy was defendant's part of crop raised during 1890. The plaintiffs alleged that defendant was indebted to them for advancements, and for breach of contract in that the defendant neglected and failed to cultivate the lands in a proper, husbandman-like manner. Plaintiffs' evidence tended to show that the contract of renting was entered into on the 23rd day of December, 1889, for the year 1890.

The plaintiffs' right to recover depended on whether the defendant was indebted to them for advancements made during the year 1890. Plaintiff testified that defendant was indebted to him in the sum of $61.22; $40.40 of this amount being the value of defendant's board from 4th of January, 1890, till 16th day of June, 1890, and for defendant's wife from the time of his marriage, the 4th day of May, 1890, till the 16th day of June, 1890; that the board of each was worth $6 per month, and that no part of the board had been paid.

Defendant's evidence tended to show an indebtedness against the plaintiff for the year 1890 of $78.85. Defendant testified that he went to plaintiff's the same day, or a day or two after, contract was made, and asked plaintiff if he, plaintiff, would allow him to furnish twenty pounds of meat and

one bushel of corn per month for his board and live from plaintiff's table, to which plaintiff said "Yes"; defendant further testified that this board-bill had been paid, and that there was no bargain with plaintiff as to board of wife of defendant.

His Honor charged the jury that the board of defendant and of his wife would not be an advancement, unless there should be an express contract proven to that effect, or unless it could be ascertained that the plaintiffs and defendant intended that it should constitute an advancement and be a lien on the crop; that if there was no such intention of the parties at the time, then it would be a simple contract debt, and the plaintiffs would have no lien on the crop raised for this item of account, but it was for them to say, from all the evidence, whether or not it was an advancement, or whether plaintiffs and defendant intended it to be an advancement; if so, plaintiffs were entitled to recover.

Verdict and judgment for defendant, and the plaintiffs excepted and appealed.

*Mr. W. R. Allen*, for plaintiffs.
*Messrs. H. S. Stevens* and *H. R. Kornegay*, for defendant.

MERRIMON, C. J.: The statute (*The Code*, 1754) prescribes, that "When lands shall be rented or leased by agreement, written or oral, for agricultural purposes, or shall be cultivated by a cropper, unless otherwise agreed between the parties to the lease or agreement, any and all crops raised on said lands shall be deemed and held to be vested in possession of the lessor or his assigns, at all times, until the rent for said lands shall be paid, and until all the stipulations contained in the lease or agreement shall be performed, or damages in lieu thereof shall be paid to the lessor or his assigns, and until said party or his assigns shall be paid for all advancements made and expenses incurred in making and saving said crops."

The agreement for the purposes thus prescribed having been made, this statutory provision at once gives and secures the lien upon the crops in favor of the landlord without any stipulation for that purpose between the parties. The lien is a legal incident to the agreement, and it attaches not only to secure the rents but as well to secure "all advancements made and expenses incurred in making and saving said crops." The intention of the parties to create the lien is implied by the agreement, unless otherwise agreed between them. A leading purpose of the statute is to secure the landlord as to the rents and advancements made by him in making and saving the crops. To that end the lien is given, and it is expressly provided that it "shall be preferred to all other liens."

An advancement, in the sense of the statute, is anything of value pertinent for the purpose to be used directly or indirectly in making and saving the crops, supplied in good faith to the lessee by the landlord. Many things are, in their nature and adaptation, *per se* pertinent for such purpose, and presumptively constitute advancements whenever so supplied. Thus, subsistence for the tenant and his employees and work animals, appropriate farming implements and the like, are advancements when so supplied. These and other like things are directly appropriate for such purpose, and when supplied to that end make advancements. They are presumed to be such. There are other things not directly so appropriate—such as shoes, tobacco, dry-goods, groceries and the like, which the landlord may supply to the lessee to pay his laborers. When such supplies are made, whether they make advancements or not, depends on whether they were supplied for the purpose specified. It must appear affirmatively that they were. That the lessee diverts such things from the purpose contemplated cannot change their nature and the purpose of them. *Womble* v. *Leach,* 83 N. C., 84; *Ledbetter* v. *Quick,* 90 N. C., 276.

If here the plaintiff had supplied the defendant, as his tenant, with meal, meat, sugar and coffee in reasonable quantities, or appropriate farming tools to make and save his crop, such things, in the nature of the matter, would have been directly appropriate for the purpose, and the presumption would have been that they were advancements. That the plaintiff supplied subsistence from his own table to the defendant for such purpose, could make no substantial or legal difference, because he supplied that which was in its nature, and that of the whole matter, essential to make and save the crops, and the relations of the parties raised the presumption that such supplies were advancements.

The plaintiff, as he alleges, supplied the defendant in his own house with subsistence to the end that he might make his crops. That the defendant's wife shared in the subsistence so supplied cannot alter the case. It was his duty to feed and care for her. To feed his family proper, was a burden incident to making and saving the crops. The Court should, therefore, have instructed, the jury, substantially, in submitting the view of the case insisted upon by the plaintiff, that if the latter supplied the defendant with board to the end he might make and save his crops, then he was entitled to recover the reasonable value of the board, and the same would (nothing to the contrary appearing) constitute an advancement, and, therefore, a lien upon the crops. The plaintiff was not required, as the Court said he was, to prove an express contract that the board of defendant and his wife should be an advancement, because if the plaintiff leased the lands to the defendant (and that he did was not controverted), and supplied him with board to the end he might make and save his crops, at once such supplies, per force of the statute, became the advancements, in the absence of agreement to the contrary, and a lien upon the crops. There is, therefore, error, and the plaintiff is entitled to a new trial.

Error.