J. C. MEEKINS, SR., v. A. G. WALKER.

*Agricultural Lien—Requisites—Form of, Immaterial— Trial — Evidence — Written Contract Explained by Parol Testimony.*

1. To create an agricultural lien no particular form of agreement is required. If the requisites prescribed by the statute are embodied in the agreement, and the intent of the parties to create the lien is apparent, the agreement will be upheld as a valid agricultural lien though it be in the form of a chattel mortgage.

2. Where an instrument intended to operate as an agricultural lien contains, on its face, the statutory requisites, except that it does not show that the money or supplies were furnished after the agreement, it is competent to show, *de hors* such instrument, that the supplies were furnished after the making of the agreement.

3. Where an instrument intended as an agricultural lien contains, on its face, the statutory requisites, except that it does not show whether the advances were made before or after the agreement, evidence to show that the furnishing was subsequent to the execution of the lien would not *contradict* the written instrument.

CIVIL ACTION, tried at Spring Term, 1896, of TYRRELL Superior Court, before *Robinson, J.,* and a jury, on appeal from a judgment of a Justice of the Peace. There was a verdict for the defendant, and from the judgment thereon plaintiff appealed. The facts appear in the opinion of MONTGOMERY, J.

*Messrs. Pruden, Vann & Pruden* and *W. J. Griffin,* for plaintiff (appellant).
*Messrs. Blount & Fleming,* for defendant.

MONTGOMERY, J.: On the 10th of March, 1894, David Alexander executed a paper writing to the plaintiff, who

had it registered ten days afterwards, in the following words and figures: "I, David Alexander, of the County of Tyrrell, am indebted to J. C. Meekins, Sr., of said county in the sum of $250, for which he holds my note, to be due on the 1st of December, 1894, (said note having been given for money and fertilizers to enable said Alexander to cultivate a crop this year, 1894, on the lands on which he lives, in Tyrrell county,) and to secure the payment of the same I do hereby convey to said Meekins these articles of personal property, to-wit: All the crop of cotton or corn that I may cultivate or cause to be cultivated this year, 1894, on the lands in which I live, in said county; Scuppernong Township, which land is known as the Ed. Davenport land, commonly known as the "Woodlawn Farm," and adjoining the lands of Alfred Alexander, Andrew Bateman, and others, about 100 acres of said crop, all of which crops are not otherwise incumbered.

"But on this special trust: That if I fail to pay said debt and interest on or before the first day of December, 1894, then he may sell said property for cash, first advertising the same for twenty days at the court house, and two other public places in said county, naming the time and place of sale, and applying the proceeds of such sale to the discharge of said debt and interest on the same; and should there be a surplus of such sales in his hands after paying said debt, he shall apply the same to the credit of a note he holds against me, which note was made to A. G. Walker, and by him assigned to said Meekins.

"Given under my hand and seal, this 10th day March, 1894.

"DAVID ALEXANDER.   [Seal.]"

Three months after the execution of that instrument Alexander executed to the defendants an agricultural lien upon the same crops conveyed in the paper writing exe-

cuted by Alexander to the plaintiff. The defendant took into his possession and converted a part of the crop, and this action was brought by the plaintiff to recover the value of the same, the plaintiff alleging that he is entitled to it under his lien. The recovery is resisted by the defendant on the ground that his (defendant's) lien is the superior one. The question then is, can the instrument under which the plaintiff claims be upheld as an agricultural lien under Section 1799 of *The Code?* If it can be, then the plaintiff ought to recover; if not, he cannot. It is contended by the defendant that the form of the instrument is that of a chattel mortgage with a power of sale, and that therefore no statutory agricultural lien arises, or was intended by the parties thereto. Such, indeed, is the form of the paper writing, but words are used therein which show a purpose to give effect to the statute, to-wit, "(said note having been given for money and fertilizers to enable said Alexander to cultivate a crop this year, 1894, on the lands on which he lives in Tyrrell county)." And this Court has said in *Townsend* v. *McKinnon*, 98 N. C., 103, that "no particular form of agreement is prescribed whereby the lien is created; when, therefore, it embodies the requisites prescribed, and the intent of the parties to create the lien contemplated by the statute is clear, whatever the form, the lien at once arises. In such cases the agreement, though it have the form of a chattel mortgage, must be so treated as to effectuate the intent of the parties, and, in connection with and under the statute, the latter becomes a part of it, directs the intent, and gives character to the lien." The requisites prescribed to create the lien are: 1. That the advances must be in money or supplies; 2. To the person engaged or about to engage in the cultivation of the soil; 3. After the agreement is made; 4. To be expended in the cultivation of the crop made

during that year; 5. And the lien must be on the crop of that year.  *Clark* v. *Farrar*, 74 N. C., 686.  In addition, the amount to be advanced is to be set out in the agreement, which was done in this case.  The instrument itself shows on its face that the requisites have been complied with,  except that it is not stated therein that the supplies were furnished *after* the agreement was made.  The plaintiff offered to show this by witnesses, but the court refused the testimony, and the plaintiff excepted.  The exception is sustained.  The statute does not require that the agreement should state that the supplies were furnished after the agreement had been made.  And it is competent to show that fact by *proof de hors. Reese* v. *Cole*, 93 N. C., 90.

The instrument recites that the note was given for supplies " to make a crop," without stating whether they had already been furnished or were to be thereafter furnished, (and from the date the latter is probable,) and hence the evidence to show the furnishing after the lien was executed would not contradict the written instrument.

New Trial.