WINDSOR BARGAIN HOUSE v. FRANK WATSON.

(Filed 16 September, 1908.)

**Vendor and Vendee—Agricultural Lien—First Year's Crop—Lien for Second Year—Subrogation—Quære.**

Plaintiff had a valid agricultural lien on defendant's crop under a written instrument containing in addition a chattel mortgage on defendant's mule and cart. The remaining crop at the end of the year was sufficient to pay a balance still owing by defendant, and at defendant's request it was agreed that he should retain the remaining crop, together with the mule and cart, to enable him to make a crop for the ensuing year, the plaintiff to make advancements therefor in a certain amount, inclusive of that due for the year preceding: *Held,* it was competent for the parties to agree that the crop of defendant then on hand and the mule and cart to be used in making the crop for the second year should be considered as advancements for that year, so as to constitute a valid lien on the second year's crop for their payment. As to whether the party making the advancement would otherwise be remitted for his security to the original lien on taking the second security, *quære.* (*Lowdermilk v. Bostick,* 98 N. C., 299, cited and distinguished.)

ACTION of claim and delivery, to enforce a lien and mortgage on defendant's property, tried before *O. H. Allen, J.*, and a jury, May Term, 1908, of BERTIE.

Formal execution of the lien, containing in addition a chattel mortgage on the property seized, a mule and farm cart, having been admitted, issues were submitted and responded to by the jury as follows:

1. "Is the defendant indebted to the plaintiff, and, if so, in what amount?"  Answer: "Yes; $88.35."

2. "What part of said debt, if any, was a debt of the previous years?"  Answer: "Seventy-eight dollars and ten cents."

3. "Did the defendant agree that the said amount might be included in the amount named in the crop lien of 1906 upon surrendering and canceling liens on crop and mule and cart to enable him to make crop of 1906?"  Answer: "Yes."

There was judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Winston & Matthews* for plaintiff.
*W. R. Johnson* for defendant.

HOKE, J., after stating the case: The evidence tended to show that plaintiff had a valid agricultural lien on the crop of defendant for 1905, the instrument containing in addition a chattel mortgage on the defendant's mule and cart, the property seized by process in the present action; that advancements were made for the year 1905, and in March, 1906, defendant, having paid the account, except $78.10, had enough of the crop and property in hand to pay the plaintiff's claim in full, but on defendant's application it was agreed that defendant might retain the crop of 1905, together with the mule and cart, to enable him to make the crop of 1906, and that plaintiff was to make advancements for the year 1906 to an amount not to exceed $150, and

that this balance of $78.10 should be considered and constitute a part of the amount to be advanced for the year 1906.

Speaking to this question, John T. Smithwick, a witness for plaintiff, among other things, testified: "In March, 1906, Watson came in and said, if we would let him keep his mule to make another crop and also let him keep his crop under mortgage to us, and would carry the balance of $78.10 as a part of $150 he wanted for the year 1906, that he would make a good crop and pay out, and would secure it with a crop lien with a chattel mortgage clause. This arrangement was made, and we balanced his account, took the crop lien with chattel clause for 1906 and charged him on his account for 1906 with $78.10 balance. After that he got $10.25 in cash and did not trade any more."

On this testimony, we are of opinion that the claim of plaintiff should be upheld, both as an agricultural lien on the crop of 1906 and as a valid chattel mortgage on the property seized, to-wit, the mule and cart. While the Court has held that, in order to an effective agricultural lien, the requisites of the statute must be complied with, and, among other things, that the advancements must be made after the agreement is perfected (*Clark v. Farrar,* 74 N. C., 686), our decisions are also to the effect that, if part of the advancements are made at the same time the instrument is executed, both acts being part of one and the same transaction, this requirement of the statute is satisfied. *Reese & Co. v. Cole,* 93 N. C., 87. And this claim of plaintiff of $78.10 should clearly be considered an advancement. The plaintiff had a lien to secure this amount, undoubtedly good, on the crop of 1905 remaining on hand and on the mule and the cart. There is no good reason in requiring the plaintiff, in order to make this claim a valid advancement on the crop of 1906, to foreclose and realize on his lien and then turn the amount over to defendant. It was competent

for them, as they did, to make the agreement that this interest of plaintiff's in the crop of 1905, then on hand, and the mule and the cart to be used in making the crop of 1906, should be considered as an advancement for 1906. And these facts having been established by the verdict, the property seized, to-wit, the mule and cart, comes within the exact terms of the lien and the chattel mortgage contained in the same.

In *Brown v. Brown,* 109 N. C., 124, the Court held:

"1. The 'advancements' for which a lien is created in favor of a landlord by section 1754 of The Code embraces anything of value supplied by the landlord to the tenant or cropper in good faith, directly or indirectly, for the purpose of making and saving the crop.

"2. When such advancements are of such things as in their nature are appropriate and necessary to the cultivation of the crop, *e. g.,* farming implements and work animals, they will be presumed to create the lien; but where they are of articles not in themselves so appropriate and necessary, *e. g.,* dry goods and groceries, whether they will constitute a lien depends upon the purpose for which they were furnished, and it must affirmatively appear that they were made in aid of the crop."

And in *Thigpen v. Maget,* 107 N. C., 39, it was held that where a landlord allowed his tenant to retain parts of the undivided cotton seed and crops of one year to enable him to make the next year's crop it should be regarded as an advancement for which the claimant could enforce a landlord's lien.

These authorities fully support the conclusion that, under the agreement established, this demand for $78.10 is an advancement for the year 1906, and, as heretofore stated, this being true, this amount is part of the debt for which plaintiff holds the chattel mortgage on the property. The Court is not inadvertent to the case of *Lowdermilk v. Bostick,* 98

N. C., 299, in which an item for corn retained from the crop of a former year was disallowed as a claim secured by an agricultural lien for the current year. But an examination of that case will disclose that there was no agreement between the parties that the item in question should be secured by the agricultural lien, nor was there any sufficient or satisfactory evidence that said item was an advancement in aid of the crop for the current year. Even if the defendant should establish his position that the claim is not within the protection of the present lien held by plaintiff, there is doubt if it would avail for his protection. There is authority to the effect that in such case, and on the facts presented here, the plaintiff would be remitted for his security to the original lien, which was undoubtedly good before it was cancelled on taking the present security. Shuford on Subrogation, sec. 20; *Davidson v. Gregory,* 132 N. C., 393.

There is no error, and the judgment below will be affirmed.

No Error.