## ELIAS BRYAN vs. J. M. HECK.

There is a marked distinction between cases where notice is necessary as preliminary to the action, to enable the defendant to pay and save the costs of the action, and cases where notice is necessary to constitute a *cause* of action.

Where a Confederate States' bond was transferred in payment of a debt, and the assignor promised that if it was not right he would make it so or pay $10,000, if, in point of fact, the transfer was not valid, the promise was absolute, and the party was bound to pay.

When each of the parties to such a contract have equal knowledge of the validity of the transfer, according to the rules of the treasury department, and equal means of acquiring correct information in reference to the same, it was incumbent upon the party promising to pay to take such steps as were necessary to make the transfer valid if it were not so. A failure to do so leaves it to be inferred that he was content to be charged with the amount in money.

[*Linn* v. *McLelland*, 4 Dev. & Bat. 458, cited and approved.]

CIVIL ACTION, tried before *Tourgee, J.*, Spring Term, 1872, of CHATHAM Superior Court.

The plaintiff alleged that he sold to the defendant in 1863, certain valuable real estate in the county of Chatham, for about $30,000 in Confederate money; that in payment of the price, defendant gave him a bond or certificate of indebtedness of the Confederate States; that the bond was originally the property of one Brodie, who had assigned it to the defendant; that when the payment for the land was made, the defendant erased the endorsement, and inserted the name of the plaintiff. Upon objection being made by plaintiff, defendant promised that he would make the bond *all right* if it was not right, or pay plaintiff $10,000 in Confederate money. That he applied to the Treasury Department at Richmond for payment of the interest due, and to have a transfer made to him (plaintiff) on the books of the Department, &c.; that he failed to obtain the

interest due or to have the transfer made, &c. ; that he notified defendant of the facts, and he again promised to pay.

Defendant admitted the erasure and took issue in his answer upon other facts.

At Spring Term, 1872, certain issues were submitted to a jury. The following are the material ones :

2d. Did defendant, upon the erasure being objected to, promise to make the bond all right or pay plaintiff the sum of $10,000 in Confederate money ?

3d. Did defendant agree to make the assignment good, if it was not good ?

4th. Did defendant, after the transfer, receive notice or information from the plaintiff that the assignment was deficient, and if so, when ?

His Honor, in response to a request for special instructions, told the jury that if they should find the second issue in the affirmative, they need not consider the others, as that would entitle the plaintiff to recover the value of the $10,000, with interest from November 1863.

The jury found the said issue in the affirmative, and the Court rendered judgment accordingly.

Defendant then moved for a new trial on the ground that his Honor erred in instructing the jury, " that if they found the second issue in the affirmative they need not consider the others, for Bryan was not bound to notify defendant that he had been unable to procure payment of the bond.

His Honor granted the motion, set aside the verdict, and vacated the judgment, &c. Plaintiff appealed.

*John Manning*, for plaintiff.
*Phillips & Merrimon*, for defendant.

PEARSON, C. J. There is a marked distinction between cases where notice is necessary as a mere preliminary to the action, to enable the defendant to pay and save the costs of the action,

as when a surety pays the debt, he must give notice to a co-surety to enable him to pay his rateable part and save the costs of suit, *Linn* v. *McClelland* 4, Dev. & Bat. 458, and cases where notice is necessary in order to *constitute a cause of action*, as where the drawer of a bill of exchange fails to accept or to pay, notice to the drawer is required to be given in reasonable time, in order to constitute a cause of action, for the drawer is under no liability unless he has notice ; in other words notice is a condition precedent to the promise to pay, on the part of the drawer.

Our case involves the question, was notice necessary in order to constitute a cause of action ?    His Honor charged that notice was not necessary, and there was a verdict and judg-ment, accordingly.    On a motion for a new trial his Honor set aside the verdict and judgment for error in law, and granted a new trial, from which ruling the plaintiff appealed, C. C. P. sec. 299.

We are of opinion that his Honor decided according to law in the first instance, and there was error in law in granting a new trial.

Upon a difference of opinion as to the validity of the trans-fer of the bond, by erasing the name of the defendant and in-serting the name of the plaintiff, the defendant agreed, that if the transfer was not all right he would make it so, or pay to the plaintiff the sum of $10,000, with interest &c.    In point of fact the transfer was not all right; so that it leaves the promise of the defendant to pay $10,000, absolute and without condition, unless upon the idea that it was the duty of the plaintiff to ascertain the fact, and give the defendant notice thereof within reasonable time.

Whether the transfer, in the manner in which the defendant made it, was valid or not, according to the regulations of the department, was a matter equally within the knowledge of both parties, and the means of acquiring correct infor-mation in regard to it was equally accessible to both parties ;

so there was nothing to be done that would come peculiarly within the knowledge of the plaintiff. Under these circumstances we are of opinion, that as the defendant had agreed to pay the amount in money, and if the transfer was not right to make it all right, it behooved him specially to look to the matter and satisfy himself that the transfer was regular and valid, and if it was not, to take the steps necessary to make it so. It is to be inferred from his failing to do so, that he was content to be charged with the amount in money.

One accepts a deed upon the assurance on the part of the bargainor, that the privy examination of his wife is regular, and if it be not, he will have it made all right, or else pay back the purchase money. If in fact, the examination is not regular, the promise to pay back the purchase money becomes absolute, unless he avails himself of the right reserved, and has it made "all right" within reasonable time.

There is error, the order granting a new trial is reversed, and judgment for plaintiff, as entered in the first instance.

Per Curiam.                    Judgment affirmed.