JOHN C. GAY *v.* R. S. NASH.

*Crop Lien—Registration.*

A crop lien to secure agricultural advances (executed under Bat. Rev. ch. 65, §§ 19, 20) is valid *inter partes*, although not registered within thirty days as required by the statute.

PROCEEDING to enforce a Lien for Advances for Agricultural Purposes commenced by affidavit before the Clerk and heard upon issue joined at Fall Term, 1877, of RICHMOND Superior Court, before *Seymour, J.*

Upon the trial it appeared that the parties had entered into a written contract in which the plaintiff, merchant, agreed to furnish supplies to the amount of $700 to the defendant, planter, to enable him to cultivate a crop, in consideration of which, the defendant agreed to deliver to the plaintiff so much of the cotton, &c., as might be sufficient

to pay said sum. The contract was executed January 14th, 1876, admitted to probate February 14th, and registered February 17th, thereafter. And His Honor dismissed the proceeding upon the ground that the contract was not registered within 30 days. Judgment in favor of defendant for costs. Appeal by plaintiff.

*Messrs. T. P. Devereux* and *J. W. Hinsdale,* for plaintiff.
*Messrs. T. S. Ashe* and *Battle & Mordecai,* for defendant.

READE, J. The statute provides that a written lien upon a crop, for advances of means to make the crop, shall have preference of other liens, &c. And such written liens are required to be registered within 30 days. Bat. Rev. ch. 65 § § 19, 20. In this case the written lien was not registered within 30 days. That fact would certainly make it void as to third persons; but the question here is, whether it is good as between the parties?

We are of the opinion that it is good *inter partes.*

The object of registration is to give notice. The parties have notice without registration.

There is error.

PER CURIAM.                    Judgment reversed.