*JOHN C. GAŸ v. ROBERT S. NASH.

*Agricultural Lien, proceeding to enforce.*

In a proceeding to enforce an agricultural lien under Bat. Rev., ch. 65, § 20, the crop was sold by the sheriff and on trial before a jury the de-

---

* Ashe, J., having been of counsel, did not sit on the hearing of this case.

fendant admitted the execution of the lien but denied that anything was due for advances thereunder; there was a general verdict for the plaintiff and the court refused judgment because the jury failed to assess the damages; *Held* error; the verdict established the "lien debt" in excess of the proceeds of sale, entitling the plaintiff to judgment.

(*Jenkins* v. *Ore Co.*, 65 N. C., 563; *Bryan* v. *Heck*, 67 N. C., 322; *Moore* v. *Edmiston*, 70 N. C., 471, cited and approved.)

PROCEEDING to enforce an agricultural lien, removed from Richmond county and tried at Fall Term, 1880, of STANLY Superior Court, before *Seymour, J.*

There was a verdict for plaintiff, and from the refusal of the judge to give judgment thereon for the reason set out in the opinion of this court, the plaintiff appealed.

Messrs. *A. Burwell* and *Platt D. Walker*, for plaintiff.
Mr. *Jas. A. Lockhart*, for defendant.

SMITH, C. J.   The plaintiff made affidavit in proper form as required by Battle's Revisal, ch. 65, § 20, and sued out of the clerk's office a warrant directed to the sheriff, by virtue of which he seized and sold certain crops of the defendant raised in the year 1876 for $389.79 to satisfy a debt in the sum of $546.95, alleged to be due the plaintiff, and a lien thereon for advances made in their cultivation. The defendant in his answer admits his giving the lien but denies that there is anything due the plaintiff for the advances authorized therein, or that he had any intent to remove and place the property beyond the plaintiff's reach.   The case was before us on a former appeal on the question of the validity of the contract for want of registration within the time prescribed in the act.   (See 78 N. C., 100.)   It has been tried before a jury whose verdict, though not in the form of a response to distinct issues, was rendered generally for the plaintiff, that is, as the record must be understood, the findings upon the controverted facts are in favor of the plaintiff.

GAY *v.* NASH.

The court refused to give judgment for the plaintiff on the ground that "the jury had failed to assess the plaintiff's damages," set aside the verdict and ordered a new trial, from which ruling the plaintiff appeals.

We think the plaintiff was entitled to the judgment demanded for the proceeds of the sale of the crops in the hands of the sheriff to be applied to the costs incurred in the proceeding and to his debt. The entire dispute was as to the amount and lien of the plaintiff's debt and its sufficiency to absorb the value of the crop by which it was secured. This is the entire scope and object of the summary proceeding, and it ends with the disposal of the crop. It is unlike an ordinary action where the plaintiff recovers his whole demand and has partial satisfaction only out of the encumbered property, but is a direct method provided by law for the enforcement of a lien upon specific property which the advances constituting the debt have contributed to make. The verdict establishes a lien debt in excess of the sales, and the plaintiff was entitled to an order of appropriation thereof. If the new trial were awarded in the exercise of a discretion reposed in His Honor, it would not be disturbed by an appeal. But the refusal to give judgment is put upon ground within the provisions of C. C. P., § 299, (*Jenkins* v. *N. C. Ore Dressing Company*, 65 N. C., 563; *Bryan* v. *Heck*, 67 N. C., 322; *Moore* v. *Edmiston*, 70 N. C., 471), as "involving a matter of law or legal inference."

There is error and the plaintiff must have judgment for the appropriation of the money to his debt.

Error. Reversed.