GEO. F. BUTTS v. JOS. SCREWS.

*Conditional Sale—Registration—Mortgages—Process—Deputy Clerk—New Trial.*

1. As between the parties, a conditional sale is binding, although not reduced to writing or registered. The Code, §1275, only requires them to be reduced to writing and registered, as against creditors and purchasers for value.

2. At common law, mortgages of personal property were not required to be reduced to writing, and our statute only requires them to be reduced to writing and registered as affecting creditors and purchasers for value.

3. After a party has pleaded, it is too late to take any objection to the process by which he was brought into Court.

4. So, where an order to seize property in an action for claim and delivery was signed by an unsworn deputy clerk, who had never been formally inducted into office, but the objection was not made until after an answer to the merits had been filed, *It was held,* too late.

5. A new trial will not be granted where the action of the trial Judge, even if erroneous, could by no possibility injure the appellant.

(*Clayton* v. *Hester,* 80 N. C., 275 ; *Ellison* v. *Jones,* 4 Ired., 48 ; *Ballard* v. *Sudderth,* 10 Ired., 176 ; *Vassar* v. *Buxton,* 86 N. C., 335 ; *Paris* v. *Roberts,* 12 Ired., 268; *Brem* v. *Lockhart,* 93 N. C., 191 ; *Deal* v. *Palmer,* 72 N. C., 582 ; *Gay* v. *Nash,* 78 N. C., 100 ; *Reese* v. *Cole,* 93 N. C., 87 ; *Duffy* v. *Averitt,* 5 Ired., 455 ; *Mills* v. *Carpenter,* 10 Ired., 298, cited and approved).

This was an action to recover a horse, cart and harness, tried before *Connor, Judge,* at April Term, 1886, of WAYNE Superior Court.

As ancillary to the action, the plaintiff, at the time of suing out the summons, obtained a requisition for the delivery of the property, issued to the Sheriff of Wayne county, who, in pursuance of said order, seized the said property and delivered the same to the plaintiff.

The plaintiff in his complaint alleged, that he was the owner and entitled to the immediate possession of one horse, cart and harness, and that the same was wrongfully detained by the defendant.

The defendant answered, and denied the allegation in the complaint, and demanded judgment that the property be returned to him, and that damages be awarded him for the wrongful taking and detention of the property.

The summons and requisition having been issued by a deputy of the Clerk, who had not been sworn, and it appearing that he had inadvertently omitted to sign the requisition, upon motion of the plaintiff, the Court, under objection by the defendant, allowed the party, who was present in Court, to affix his signature to the requisition. The defendant moved the Court to dismiss the action, and render judgment against the plaintiff for the re-delivery of the property to him. This motion the Court refused, and the defendant excepted.

The following issues were submitted to the jury:

1st. Is the plaintiff the owner and entitled to the possession of the property described in the complaint?

2d. Is the same wrongfully detained by the defendant?

George F. Butts, the plaintiff, testified in his own behalf:

I sold the horse and cart January, 1885, to the defendant for $100.00. He was to pay me in the Fall. He said that he might not be able to pay the whole of the price in the Fall. I told him to pay me what he could, and if he got along all right, I would wait for the balance. He paid me $40.00. The horse and cart were to be mine until the price was paid in full. The defendant moved off my land in the Fall, and I demanded the horse and cart. He refused to give them up. He owes me on the price $61.80. I retained the title until they were paid for. I did not sell the property on two years' time.

The defendant was then examined in his own behalf, and testified as follows:

The plaintiff said, "I will sell you the horse and cart on two years' time, and if we can agree, and you cannot pay the whole of the price at the end of two years, I will give you the third year."

There was other evidence tending to sustain the defendant.

The defendant demanded judgment upon the testimony, because the conditional sale was not reduced to writing, as the statute required; that the condition was void and the title vested in the defendant absolutely.

The Court refused to render judgment as prayed for, and instructed the jury :

"That if, from the evidence, they believed that it was agreed between the parties at the time of making the contract, that the title to the horse and cart was to remain in the plaintiff until the purchase money was fully paid, and that it had not been so paid, they would find the issues in favor of the plaintiff, unless they believed from the evidence that there was an agreement that the property was to remain in the possession of the defendant until the time of credit had expired."

To this charge the defendant excepted.

The jury found the issues for the plaintiff.

Whereupon the Court rendered judgment for the plaintiff for the possession of the property described in the complaint and for the costs, and the defendant appealed.

No counsel for the plaintiff.

*Mr. Geo. M. Lindsay,* for the defendant.

ASHE, J. (after stating the facts). There are many cases in the reports of the decisions of this Court, where the Court has been called upon to put a construction upon instruments similar in terms to this contract, and it has been almost uniformly held, that they are evidences of conditional sales. To that effect is *Clayton* v. *Hester,* 80 N. C., 275; *Ellison* v. *Jones,* 4 Ired., 48; *Ballard* v. *Sudderth,* 10 Ired., 176; *Vassar* v. *Buxton,* 86 N. C., 335; *Paris* v. *Roberts,* 12 Ired., 268. The difference between this and those cases is, that this was a parol agreement, and the others were in writing, but it is nevertheless, according to the authorities, in its terms a conditional sale, and the defendant insisted that inasmuch as it was a conditional sale, the condition was void, the sale not having been reduced to writing and registered, as is required by §1275 of The Code. The section provides, that "all conditional sales of personal property, in which title is retained by the bargainor, shall be reduced to writing, and registered in the same manner, for the same fees, and with

the same legal effect as is now provided by law for chattel mortgages."

This section has had the construction of this Court. In *Brem* v. *Lockhart*, 93 N. C., 191, the Court held that the effect of the Act requiring all conditional sales of personal property to be reduced to writing and registered, is to render inoperative as against creditors and purchasers for value, so much of the contract as reserves the title in the vendor, unless and until the contract is registered.

As between the parties, the sale is binding without registration, and is only void if not reduced to writing and registered as against creditors and purchasers for value. *Deal* v. *Palmer*, 72 N. C., 582; *Gay* v. *Nash*, 78 N. C., 100; *Reese* v. *Cole*, 93 N. C., 87. And as between the parties it is not essential that it should be reduced to writing, for the Act gives to conditional sales the same effect as that given by law to chattel mortgages; but chattel mortgages are not required to be reduced to writing, except when it is necessary to have them registered to validate them against creditors and purchasers for value, and then only for the reason they could not be registered without being reduced to writing.

But as between the parties, where there are no creditors or purchasers to be affected by the transaction, the mortgage of personal property is good at common law without being reduced to writing. It is so laid down in Benjamin on Sales, p. 2, where the text is supported by numerous authorities. But aside from this, it is familiar learning, for which no authority need be cited, that at common law a sale of personal chattels is good without writing.

Here there are no creditors or purchasers whose rights are interfered with. The transaction is confined entirely between the parties to the original contract of sale, and we can see no reason why the plaintiff may not have judgment for the property, unless he may be debarred from a recovery by some of the other exceptions taken by the defendant.

The exception taken to the summons, on the ground that the deputy who signed and issued it had never been sworn and inducted into office, is untenable. The defendant had pleaded by filing his answer before the exception was taken. It was then too late, even if well founded, to take any exception to the process by which he was brought into Court. *Duffy* v. *Averitt*, 5 Ired., 455; *Mills* v. *Carpenter*, 10 Ired., 297.

The other exception to the ruling of his Honor, in allowing the Deputy Clerk to affix his signature to the requisition, is no ground for a *venire de novo*, for even if his Honor had no power to allow the amendment, it was perfectly harmless, for the action being in nature of detinue for the recovery of specific property, and it appearing that the plaintiff had the right to recover the property in that form of action, it was entirely unnecessary for him to resort to the ancillary remedy of claim and delivery, for upon the law and facts of the case, he was entitled to a verdict, even if that proceeding had been omitted. Whether then it was error or not in the Court to allow the signature to be affixed to the order of requisition, it was immaterial, and in no way prejudiced the defendant.

There is no error. The judgment of the Superior Court is affirmed.

No error. Affirmed.