### STATE v. JOHN HETTRICK.

· (Decided February 20, 1900.)

*Warrant under Town Ordinance of Elizabeth City—Creating a Disturbance—Indefinite Charge.*

A warrant charging the creation of a disturbance, without specifying how it was done, within the corporate limits, is fatally defective.

WARRANT under town ordinance for creating a disturbance within the corporate limits of Elizabeth City, tried, on appeal from the Mayor's Court, before *Starbuck, J.*, at Fall Term, 1899, of the Superior Court of PASQUOTANK County.

The defendant, on conviction, moved in arrest of judgment.

62——126

Motion denied. Judgment. Appeal by defendant to the Supreme Court.

The town ordinance and the warrant are stated in the opinion.

*Messrs. E. F. Aydlett,* and *P. H. Williams,* for appellant. *Attorney-General Zeb. V. Walser,* for the State.

FAIRCLOTH, C. J.    The defendant was convicted and sentenced for violating the following ordinance of the town of Elizabeth City: "All persons guilty of riotous and disorderly conduct, loud and boisterous cursing and swearing, or the use of vulgar or obscene language, indecent exposure of person, or creating a disturbance within the corporate limits of the town; of trespassing or of delivering or of sending insulting, vulgar or profane notes or cards, shall be arrested," etc.

The charge made against the defendant was for unlawfully and wilfully violating said ordinance "by creating a disturbance within the corporation limits of the town of Elizabeth City, contrary to the said ordinance," etc.

It will be observed that the ordinance specifies numerous offences, but the warrant alleges nothing except "creating a disturbance" within the town limits.    How and in what way or manner the disturbance was created is not alleged, and therein the warrant is fatally defective.    A disturbance may be created in many ways, but the accused, as of right, must be informed of what act of his the State complains, before entering his plea.    Otherwise he is ill prepared to come and defend himself.    The charge of committing a *"disturbance of divers citizens"* by noise in the public street does not set forth any criminal offense.    If it is an offense, it is a niusance, and should be charged as such.    *Com. v. Smith,* 6 Cushing (Mass.), 80.

Judgment arrested.