HILL v. MUTUAL RESERVE FUND LIFE ASSOCIATION.

(Filed June 4, 1901.)

INSURANCE—*Proxy—Estoppel—Vested Rights.*

> A resolution passed at a meeting of a mutual benefit association depriving a member of vested rights under his insurance contract, does not bind him by reason of his proxy being sent to the meeting.

MONTGOMERY, J., dissenting.

PETITION to rehear dismissed. For former opinion, see 126 N. C., 977.

*W. W. Clark,* for the plaintiff.

*Hinsdale & Lawrence, Shepherd & Shepherd,* and *Sewell Tyng,* for the defendant.

DOUGLAS, J. For the reasons stated in *Strauss v. Life Association,* at this term, the defendant's petition to rehear is denied. In this case it appears that the plaintiff was present by proxy at the meeting of the defendant association at which the objectionable resolution was passed. We said in our former opinion in this case, 126 N. C., 977: "It is quite common for members of an association to send their proxies by request to the secretary or president in order to permit a meeting to be held; but we can not suppose that, by any such formal act, they intend to waive their vested rights, or to release the association from its contractual obligations."

Judges can not entirely divest themselves of the knowledge acquired as practicing attorneys, and those who have had experience in corporate management know that when a corporation is doing well, and no material changes are contemplated in its business, but few of the individual stockholders

take any active part in its management, or even in the election of its officers. Frequently there would be no quorum even at its annual meetings if it were not for the proxies of absent stockholders. This is especially true where there are a large proportion of non-resident stockholders. The secretary usually encloses a blank proxy in his notice of the meeting sent to each stockholder, which the stockholder, if he does not intend personally to attend the meeting, usually signs in blank and returns to the secretary, or other officer from whom he received it. In this way the officers of a corporation usually control its meetings. Even those stockholders that attend are generally willing to let well enough alone. The officers, after consulting with the controlling stockholders who are usually themselves directors, make up a list of names to be voted for as directors, and hand it to some stockholder whose name is not on it, and whose character and influence are guarantees of good faith. He then places the names in nomination and moves that the secretary be instructed to cast for them the aggregate ballot of the meeting. If there is no obligation, this is done, and they are declared duly elected.

That the system of proxies, although necessarily permitted by custom as well as by law, is liable to grave abuse, can not be denied. In the meetings of National banks its operation is expressly limited by sec. 5144 of the Revised Statutes, U. S., which reads as follows: "In all elections of directors, and in deciding all questions at meetings of shareholders, each shareholder shall be entitled to one vote on each share of stock held by him. Shareholders may vote by proxies duly authorized in writing; but *no owner, clerk, teller or bookkeeper of such association shall act as proxy;* and no shareholder whose liability is past due and unpaid shall be allowed to vote."

We do not mean to say that in the absence of legal prohibition, there is any controlling reason why an officer of a corporation should not act as proxy, provided he acts in entire

good faith; but he must not abuse his trust. In the absence of evidence intrinsic or *aliunde,* we must assume that such proxy was intended simply for the ordinary purposes of the meeting, and not waive any vested rights belonging to the stockholder as an individual. These principles are especially applicable to cases like the present, where an association has a large number of stockholders, perhaps a majority, living in other States, who are neither willing nor able to incur the expense of going to a distant city simply to be present at a stockholders' meeting in which their individual votes would practically amount to nothing.

Petition dismissed.

MONTGOMERY, J., dissenting.