JOHNSON v. REFORMERS.

(Filed May 11, 1904).

1. RECORDARI—*Appeal.*·

Where a *recordari* is ordered as a substitute for an appeal, but is not docketed, the appellee has a right to docket the case and have it dismissed at any succeeding term of the court.

2. CONTRACTS—*Insurance.*

A mutual order for insurance cannot change its constitution subsequent to the contract with one of its members and to his detriment except by mutual consent.

3. CONTRACTS—*Burden of Proof.*

The burden of showing that a contract was changed by mutual consent is on the person alleging the same.

4. APPEAL—*New Trial—Verdict.*

Where a verdict is set aside for a supposed error of law, an appeal lies therefrom.

5. APPEAL—*Dismissal—Judgment—Exceptions and Objections.*

No appeal lies from a refusal to dismiss an action, but an exception should be taken and the trial proceeded with.

6. FOREIGN CORPORATIONS—*Domestication—Jurisdiction.*

A foreign corporation may be sued in this state though it has not been domesticated.

7. SERVICE OF PROCESS—*Waiver—Jurisdiction—Summons.*

Where a defendant asks for a *recordari,* he thereby waives a lack of service of summons.

ACTION by Nelson Johnson against the Grand Fountain of the United Order of True Reformers, heard by *Judge T. A. McNeill* and a jury, at September Term, 1903, of the

Superior Court of FORSYTH County.   From a judgment for the defendant the plaintiff appealed.

*Louis M. Swink* and *J. S. Fitts,* for the plaintiff.
*J. S. Lanier,* for the defendant.

CLARK, C. J.   Judgment was rendered before a justice of the peace September 30, 1902.   The defendant took no appeal, but at December Term, 1902, on application to the Superior Court, obtained an order for a *recordari* and *supersedeas.*   The defendant failed to give bond or to have the case docketed, either at that term or at the next succeeding term of the Superior Court, which was held in February, 1903.   At the March Term the plaintiff moved to docket and dismiss.   This was refused, and the plaintiff excepted.   At the September Term, 1903, the *recordari* and *supersedeas* not having been yet docketed, the plaintiff again moved to docket and dismiss.   This was refused and the defendant was allowed to docket the *recordari* and *supersedeas* at that term, and the plaintiff again excepted.   A trial by jury was had, with verdict against the defendant, which the Court set aside on the ground that he had misdirected the jury to allow sick benefits, whereas, subsequent to the contract, the General Order had changed its constitution so as to provide that sick benefits should not be paid by the defendant, but by the subordinate lodges, and the plaintiff excepted.

There was error in both particulars.   The *recordari* was granted as a substitute for an appeal, and not having been docketed, the plaintiff had a right to docket the case and have it dismissed at March Term, 1903, and also at September Term.   Clark's Code (3 Ed.), page 731; *Brown v. Plott,* 129 N. C., 272; *Davenport v. Grissom,* 113 N. C., 38; *Ballard v. Gay,* 108 N. C., 544; *Boing v. Railroad,* 88 N. C., 62.

As to the second ground, the defendant could not change

its constitution subsequent to the contract, to the detriment of the other party, except by mutual consent. *Bragaw v. Lodge,* 128 N. C., 356, 54 L. R. A., 602, and this was not shown. It was error against the plaintiff to put the burden upon him to show that there was no consent to the change. The opposite was held to be the law. *Hill v. Life Asso.,* 128 N. C., 463; *Strauss v. Life Asso.,* 128 N. C., 465, 83 Am. St. Rep., 699; *Simmons v. Life Asso.,* 128 N. C., 469; *Bragaw v. Lodge,* 128 N. C., at page 357.

The Judge having set aside the verdict and granted a new trial for a supposed error of law, an appeal lies to review him. *Bryan v. Heck,* 67 N. C., 322; *Gay v. Nash,* 84 N. C., 335; *Thomas v. Myers,* 87 N. C., 31; *Wood v. Railroad,* 131 N. C., 48. The refusal to dismiss not being a final judgment no appeal then lay, and the plaintiff properly noted an exception, which brings the ruling up for review on this appeal. *Fertilizer Co. v. Marshburn,* 122 N. C., 411, and other cases cited in Clark's Code (3 Ed.), page 738.

The defendant's exception to the jurisdiction, taken in this Court, that the defendant is a foreign corporation and not domesticated here, hence cannot be sued here, is without merit. The summons was served on its agent. *Jester v. Packet Co.,* 131 N. C., 54. Even if there had been originally lack of service the defendant waived objection by coming into Court, asking for a *recordari* and trying the cause upon its merits. *Clark v. Mfg. Co.,* 110 N. C., 111. It would have been otherwise if the defendant had entered a special appearance and, that being overruled, had excepted and gone to trial. *State v. Johnson,* 109 N. C., 852.

The order setting aside the verdict and judgment is reversed. This renders it unnecessary to direct the dismissal of the *recordari.*

Reversed.