## OIL CO. v. GROCERY CO.

(Filed November 15, 1904).

1. CLAIM AND DELIVERY—*Judgments—Alternative—Replevin—The
Code, secs. 324, 431—Acts 1885, ch. 50.*

   In claim and delivery the judgment should be for the delivery of the
   property or its value.

2. APPEAL—*Verdict.*

   Where a verdict is set aside, not as a matter of discretion, but as a
   matter of law, an appeal lies.

3. APPEAL—*Judgment—Verdict.*

   The refusal of a judgment upon a verdict is a denial of a substan-
   tial right, and is appealable.

ACTION by the Globe Oil Company against the Messick
Grocery Company, heard by *Judge W. R. Allen* and a jury,
at March Term, 1904, of the Superior Court of FORSYTH
County. From a judgment for the plaintiff for less than the
relief demanded he appealed.

*L. M. Swink,* for the plaintiff.
No counsel for the defendant.

CLARK, C. J. This was an action for the recovery of per-
sonal property or for its value if it cannot be delivered. The
jury found on issues submitted that the plaintiff was the
owner and entitled to the possession of the property and that

its value was $362.80. It had been agreed by the parties
that if the plaintiff should recover damages he would be
"entitled to recover interest on the value of the property
from May 1, 1902, and nothing more." The plaintiff asked
judgment upon the verdict for recovery of the property, or
if this could not be had, for recovery of its value as assessed
by the jury with interest from the first day of the term, and
interest on the value of the property from May 1, 1902, for
its detention. This last is clearly the meaning of the agree-
ment of the parties as to damages.

The plaintiff was entitled to the alternative judgment as
asked, for the delivery of the property if to be had, and, if
not, then its value as assessed by the jury. The Code, sec.
431; *Council v. Averett,* 90 N. C., 168; *Hall v. Tillman,*
103 N. C., 276; *Grubbs v. Stephenson,* 117 N. C., 66. The
Code, sec. 324, was amended by chapter 50, Acts 1885, to
make the condition of the bond and the liability of the sure-
ties harmonize with the terms of the judgment against the
defendant. To same purport, *Jarman v. Ward,* 67 N. C.,
33; *Smithdeal v. Wilkerson,* 100 N. C., 55.

The Court below refused the alternative judgment allowed
by section 431 of The Code on the ground that there had
been no evidence of the destruction of the property, and set
aside the finding upon the issue as to the value of the prop-
erty as immaterial, and rendered judgment for the recovery
of the property only, retaining the cause that the issue as to
the value of the property and damages be ascertained after
the return of the execution. This was taking "two bites at
a cherry." This is one of the very few cases in which an
alternative judgment is authorized. If the sheriff cannot
find the specific property it would be a useless waste of time
to report that fact to the next term and cause another jury
to determine its value, when the whole matter can be passed
upon as authorized by The Code, secs. 324 and 431, at one

trial, execution can issue to the sheriff to take the property into his possession, or, if the property cannot be found, to collect its value as assessed by the jury.

The verdict upon the issue as to the value of the property having been set aside, not as a matter of discretion, but upon a ruling as to its legal effect, an appeal lay. *Wood v. Railroal,* 131 N. C., 48; *Thomas v. Myers,* 87 N. C., 31; *Gay v. Nash,* 84 N. C., 333; *Bryan v. Heck,* 67 N. C., 322. The refusal of judgment upon the verdict was the denial of a substantial right and appealable. *Griffin v. Light Co.,* 111 N. C., 438.

The order setting aside the verdict upon the second and third issues must be reversed, and the cause remanded that judgment may be entered upon the verdict in accordance with this opinion.

Error.