R. E. HARRIS v. THE NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 14 March, 1917.)

1. **Carriers of Goods—Warehousemen—Act of God—Concurring Negligence—Proximate Cause.**

While a wind and rainstorm of such unusual violence that it could not reasonably have been anticipated, and which solely caused damage to goods stored in the warehouse of a common carrier, is regarded as an act of God, for which the carrier may not be held responsible, the carrier may not escape liability when its own negligence, in regard to improper construction or ill-repair of its warehouse concurred as a proximate cause of the loss or damage sustained, or without which it would not have occurred.

2. **Appeal and Error—Issues Tendered.**

The refusal of the court to submit issues tendered is not erroneous, when those submitted are fully sufficient to present adequately and properly every matter involved in the controversy.

3. **Appeal and Error—Trials—Evidence—Harmless Error.**

The rejection of evidence on the trial of the cause which could not have had any appreciable effect on the result will not be held for reversible error.

Brown, J., dissenting.

CIVIL ACTION to recover value or damage for the loss of two shipments of goods over defendant railroad, consigned to plaintiff, the owner, at Washington, N. C., tried before *Lyon, J.,* and a jury, at September Term, 1916, of PITT.

There was evidence on part of plaintiff tending to show that the goods, to the value of about $1,000, on 2 and 3 September, 1913, were held by defendants as common carriers, and were at the time in a warehouse of the company situate on and over the river at Washington, N. C., awaiting reshipment to plaintiff, who was doing business at Falkland, and that the same had never been delivered to plaintiff or to any one for him.

Defendants resisted recovery on the ground, chiefly, that on 3 September, 1913, the goods and the warehouse in which the same were held were destroyed by a storm of wind and rain of such unexpected and unusual extent and violence that defendant company was relieved of liability for the loss, and offered much evidence tending to support its position.

Plaintiff replied, and there was some evidence tending to show, that the warehouse on the river was improperly and unsafely built and that its destruction was due to this fact rather than to the storm, as defendant contended, and, further, that after defendant had warning of the storm and its nature and with facilities at hand for removing the goods from the exposed position, it did not make proper efforts to do so.

On issues submitted, the jury rendered the following verdict:

1. Were the goods damaged and destroyed by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. If so, what damage is plaintiff entitled to recover? Answer: "$946.15."

Judgment, and defendant excepted and appealed.

*Skinner & Cooper for plaintiff.*
*L. J. Moore for defendant.*

HOKE, J. The position is fully recognized here and elsewhere that a wind and rain storm of unusual extent and violence, one "so far outside of the ordinary range of human experience that the duty of exercising ordinary care does not require that it be anticipated or provided against," is an act of God, within the meaning of the principle which ordinarily relieves a common carrier of liability in such cases. 29 Cyc., p. 441. And it is further held that, in order to its proper application, the negligence of the carrier must not have concurred as a proximate cause of the loss complained of. Under a charge of the court below, in full recognition of these principles, the jury have answered the issues

TAYLOR v. LUMBER CO.

for the plaintiff, and we find no error in the case on appeal and exceptions noted which justify us in disturbing the results of the trial.

In Shearman and Redfield on Negligence, 1613 (6th Ed.), it is said: "The rule is the same when the act of God or accident combines or concurs with the negligence of the defendant to produce the injury as when any other efficient cause combines or concurs. The defendant is liable if the injury would not have resulted but for his own wrongful act or omission. In Barrows on Negligence, p. 23, the position is stated thus: "When a negligent or wrongful act is followed by an extraordinary natural occurrence which connects the act with consequent injury, the wrongdoer is still liable, and this is true even if the original negligent act without the occurrence of the natural phenomenon would not in itself have produced harm," and Moore on Carriers (2d Ed.), p. 308, is to the same effect. The principle as stated in these authorities has been approved by decisions in our own Court (*Ridge v. R. R.,* 167 N. C., pp. 510-527; *Ferebee v. R. R.,* 163 N. C., pp. 351-54), and are in accord with doctrine very generally prevailing on the subject. The refusal to submit certain issues tendered by defendant, directed more specifically to the character and effects of the storm, cannot be sustained, those submitted being fully sufficient to enable the parties to present adequately and properly every "matter involved in the controversy." *Zollicoffer v. Zollicoffer,* 168 N. C., 327; *Barefoot v. Lee,* 168 N. C., 89.

The objections to the rulings of the court on questions of evidence are without merit and could have had no appreciable effect on the result. We find no reversible error in the record, and the judgment for plaintiff is

Affirmed.

BROWN, J., dissents.