LUTHER B. TUTHILL v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 19 September, 1917.)

1. **Carriers of Goods—Act of God—Sole Cause—Damages—Negligence—Contributing Cause.**

   Where goods in the carrier's warehouse are destroyed solely by the destruction of the warehouse by reason of a windstorm of such unusual violence and proportions as amount to "an act of God," without evidence of any negligence on the part of the carrier as a contributing cause, an instruction is proper that, if the jury believe the evidence, no liability will attach to the carrier by reason of the destruction of the goods.

2. **Appeal and Error—Verdict Set Aside—Matter of Law.**

   Where the trial judge has set aside a verdict of the jury as a matter of law, upon the ground that he should have given an instruction aptly requested, his action in so doing is appealable.

CIVIL ACTION tried before *Daniels, J.,* and a jury, at February Term, 1917, of BEAUFORT.

The action was to recover damages for loss of plaintiff's goods shipped over defendant's road and held by company as common carrier in its warehouse at Washington, N. C., where they were destroyed, the warehouse being also wrecked, in the wind and rainstorm in that vicinity 3 September, 1913.

The jury having rendered a verdict for plaintiff, his Honor, on motion, set the same aside as a matter of law, being of opinion that he should have charged the jury, as requested, that if the jury believed the evidence, no liability would attach by reason of the destruction of the goods. Plaintiff having duly excepted, appealed.

*Ward & Grimes for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

HOKE, J. In *Harris v. R. R.,* 173 N. C., 110, a recovery was sustained for loss of goods at this same time and place. In that case both sides offered testimony, and the court was of opinion that there were facts in evidence permitting the inference that the negligence of the company had concurred in causing the loss, a fact that may import liability, though an act of God may also be a contributory cause. *Ferebee v. R. R.,* 163 N. C., 351.

In the present case, the defendant, admitting that the goods were lost while held by the company as common carriers in its warehouse at Washington, N. C., offered evidence tending to show that both goods and warehouse were destroyed and lost by reason of a wind and rainstorm of such unusual violence and proportions that it amounted to "an act of God" within the meaning of the principle which may relieve

carriers of liability in such cases that the loss was due solely to such act of God, and that the negligence of the defendant in no way contributed. We find nothing to controvert this testimony in the present record, and if these facts are accepted by the jury, we concur in his Honor's view that no liability should attach, and that he did right in setting the verdict aside. Having done this as a matter of law, our decisions hold that the order is appealable. *Shives v. Cotton Mills,* 151 N. C., 290; *Oil Co. v. Grocery Co.,* 136 N. C., 354; Revisal 1905, sec. 554.

This will be certified that a new trial be had of the issues. The appellant will be taxed with the costs of this appeal.

Affirmed.