G. H. GOVER, Trustee in Bankruptcy of THE CONSUMERS TIRE AND SUPPLY COMPANY, v. R. MALEVER.

(Filed 21 May, 1924.)

**Corporations—Subscription to Shares of Stock in Property—Directors—Statutes—Evidence—Nonsuit.**

C. S., 1157, makes the judgment of the board of directors in fixing the value of property of its subscribers to its shares of stock to be accepted in lieu of money arbitrary and of artificial weight, in the absence of fraud; and where there is no evidence of fraud therein, a judgment as of nonsuit is properly granted.

CLARKSON, J., did not sit.

APPEAL by plaintiff from *Harding, J.,* at September Term, 1923, of MECKLENBURG.

Plaintiff, trustee in bankruptcy of the Consumers Tire and Supply Company, brings suit against the defendant, and sets out in his complaint two separate and distinct causes of action:

1. To recover upon a stock subscription, alleging the defendant had transferred to the corporation property of inadequate value in payment of his stock.

2. To recover moneys paid defendant from the funds of the corporation by its president on a personal debt.

Defendant contended, as to the first cause of action, and offered evidence tending to show, that his stock subscription had been fully paid by the transfer of property regularly and duly valued and accepted by the directors of the corporation; and, as to the second cause of action, he offered evidence tending to show that the president of the corporation had reimbursed it for the moneys which he had paid defendant from its funds.

From a judgment of nonsuit on the first cause of action, and a verdict and judgment in favor of the defendant on the second cause of action, the plaintiff appeals, assigning errors.

*C. W. Tillett, Jr., for plaintiff.*
*Parker, Stewart, McRae & Bobbitt for defendant.*

PER CURIAM. Without stating the facts, which are somewhat complicated and make a rather long story, we are convinced, from a careful perusal of the record, that the plaintiff's first cause of action was properly dismissed as in case of nonsuit. It was made to appear, without contradiction or suggestion of fraud, that the directors of the corporation duly and regularly valued and accepted the property transferred to it by the defendant in full payment of his stock. C. S., 1157, provides: "Nothing but money shall be considered as payment for any part of the capital stock of any corporation organized under this chapter, except as herein provided in case of the purchase of property, or labor performed. Any corporation may issue stock for labor done, or personal property, or real estate, or leases thereof, and, in the absence of fraud in the transaction, the judgment of the directors as to the value of such labor, property, real estate or leases shall be conclusive."

It will be observed that the statute gives to the defendant's evidence, when his case is brought within its terms, as it is here, an arbitrary and artificial weight, making the judgment of the directors as to the value of the property, etc., conclusive in the absence of fraud. Hence,

in the absence of any evidence tending to show fraud in the transaction, there would be no mooted question for the jury. In *Goodman v. White,* 174 N. C., 399, the defendant failed to bring himself within the terms of the statute, and this denied to him its conclusive benefit.

Technically, and as a matter of accurate form, a motion for a directed verdict might have been more appropriate; but as no harm has come to the plaintiff, the judgment will be allowed to stand. *Rankin v. Oates,* 183 N. C., 520. "A new trial will not be granted when the action of the trial judge, even if erroneous, could by no possibility injure the appellant." *Butts v. Screws,* 95 N. C., 215.

A careful examination of the exceptions and assignments of error, addressed to the trial of the second cause of action, leave us with the impression that no reversible or prejudicial error has been made to appear. The record presents no new or novel point of law, or question not governed by our former decisions. We deem it unnecessary to discuss the exceptions *seriatim.*

The verdict and judgment will be upheld.

No error.

CLARKSON, J., did not sit.