NEW BERN TIRE COMPANY v. KIRKMAN & COBB., INC., AND B. W. KIRKMAN, B. F. COBB, T. A. GLASCOCK, AND L. L. GLASCOCK.

(Filed 13 April, 1927.)

**1. Corporations—Issuance of Shares of Stock for an Existing Business—Shareholders—Individual Liability.**

In the absence of fraud, the determination of the board of directors as to the value of the business of a partnership to the partners of which shares of stock had been issued therefor, is conclusive, in an action to enforce individual liability against the partners upon the ground that the assets were of insufficient value to purchase the shares of stock.

**2. Same—Burden of Proof.**

The burden of proof is upon the partners to show that the partnership business given for the shares of stock issued by a corporation formed to take it over, was a sufficient consideration for the transaction.

APPEAL by plaintiff from *Sinclair, J.,* at October Term, 1926, of CRAVEN. No error.

Upon the verdict rendered upon the trial of this action, plaintiff is entitled to recover of defendant, Kirkman & Cobb, Inc., a corporation organized and doing business under the laws of the State of North Carolina, the sum of $354, with interest from 2 December, 1923.

The liability of the individual defendants, stockholders in said corporation, to plaintiff for said sum was determined by the answer of the jury to the eighth issue, which was as follows:

"8. Did the defendants, individuals, pay into the defendant company eight thousand dollars in money, or money's worth, at the time of the incorporation? Answer: 'Yes.' "

From judgment that plaintiff recover of the corporation the sum of $354, with interest from 2 December, 1923, and that the individual defendants go without day and recover of plaintiff their costs, to be taxed by the clerk, plaintiff appealed to the Supreme Court, assigning as error the instruction of the court to the jury with respect to the eighth issue.

*Guion & Guion for plaintiff.*
*Ward & Ward for defendants.*

CONNOR, J. For about one year prior to January, 1923, the individual defendants in this action were engaged in the business of buying and selling automobiles at Greensboro, N. C., as partners, under the firm name of Kirkman & Cobb. Upon the formation of said partnership, in February, 1922, each of the four partners had paid in, as his contribution to the capital of said partnership, the sum of $1,000 in

cash.   The business conducted by the partnership was successful.   An inventory taken in December, 1922, showed that at that time its assets exceeded its liabilities by something more than $8,000.

In January, 1923, a corporation was organized pursuant to a certificate of incorporation issued by the Secretary of State of North Carolina. The name of this corporation was Kirkman & Cobb, Inc.; its capital stock was subscribed for by the individual defendants herein, each defendant subscribing for 20 shares, of the par value of $2,000.   The corporation was organized for the purpose of taking over the business of the partnership.

At the first meeting of the stockholders of the corporation, a resolution was adopted, and entered upon the minutes of the meeting, authorizing the directors to accept the offer of the partnership to sell its assets, including its good will, to the corporation for $8,000, the purchase price to be paid for in stock.   This resolution recites that the assets of the partnership had been appraised as worth $8,000.

Pursuant to said resolution, the directors, at their first meeting, accepted the said offer of the partnership, and authorized, empowered, and directed the president and secretary and treasurer of said corporation to deliver to each of the partners a certificate for 20 shares of the capital stock of said corporation.   These certificates were thereafter issued; the corporation thus acquired all the assets of the partnership, paying therefor the sum of $8,000, by certificates of stock, aggregating the sum of $8,000.

Kirkman & Cobb, Inc., was not successful in the conduct of its business as a dealer in automobiles; it lost money, and ceased to do business during January, 1924.   Both transactions upon which plaintiff recovered in this action occurred after the organization of the corporation.

Upon the eighth issue, the court instructed the jury that the burden was upon defendants to show that the property which they sold and delivered to the corporation, in exchange for its stock, was worth the sum of $8,000, the par value of the stock subscribed for by them; that under the provisions of the statute the judgment of the directors of the corporation as to the value of the property purchased by the corporation and paid for by its stock was final and conclusive, in the absence of actual fraud.

The court further instructed the jury that there was no evidence of actual fraud, and that if they found the facts to be as shown by all the evidence, they would answer the eighth issue "Yes."

Plaintiff's assignment of error, based upon his exception to this instruction, cannot be sustained.   If the jury should find from all the evidence that the directors, at the time they accepted the offer of the partnership to sell the corporation its assets in exchange for its stock of

the par value of $8,000, found that the assets were worth the sum of $8,000, then the judgment of the directors, as to the value of the assets, is final and conclusive. This evidence, offered by defendants by virtue of the statute, required an affirmative answer to the issue, unless there was evidence from which the jury could find actual fraud in the transaction. We concur with the court that there was no evidence from which the jury could find that there was actual fraud.

In *Goodman v. White,* 174 N. C., 399, *Brown, J.,* says: "The burden of proof upon a plea of payment is on the one pleading it, the defendant in this case. He admits that the stock was not paid for in money, but in property. He must therefore establish that the property was taken in payment at its true value; and further, that such value was approved by the board of directors, acting independently in the interest of the corporation, whose judgment is conclusive, except in case of fraud."

In *Gover v. Malever,* 187 N. C., 774, it is said in the opinion of the Court: "It will be observed that the statute gives to the defendant's evidence, when his case is brought within its terms, as it is here, an arbitrary and artificial weight, making the judgment of the directors as to the value of the property, etc., conclusive in the absence of fraud. Hence, in the absence of any evidence tending to show fraud in the transaction, there would be no mooted question for the jury."

The instruction of the court is well supported by authoritative decisions of this Court, construing and applying C. S., 1157, and C. S., 1158. *Gover v. Malever,* 187 N. C., 774; *Goodman v. White,* 174 N. C., 399; *Whitlock v. Alexander,* 160 N. C., 465.

Any corporation organized under the laws of this State may purchase property necessary for its business and pay for said property by stock issued to the amount of the value of the property. The stock so issued is full-paid stock; it is not liable to any further call, nor is the owner thereof liable for any further payment. In the absence of actual fraud, the judgment of the directors as to the value of the property so purchased and paid for is conclusive. A stockholder who has sold and delivered his property to a corporation in exchange for its stock is protected from demands for further payments on account of such stock when he shows that his property was accepted by the corporation in payment for his stock at a valuation determined by the board of directors. He forfeits this protection only when actual fraud in the transaction is shown by one who alleges that he has not paid for his stock in money, or money's worth.

The judgment herein is affirmed. We find

No error.