*B. W. BALLARD & CO. v. G. W. JOHNSON.

*Agricultural Lien—Landlord's Lien for Rent and Advances— Landlord's Priority of Lien over Advances by others Attaches only on Crop of Current Year.*

Although under sections 1754, 1799 and 1800 of *The Code* the lien of a landlord for rent and advances is superior to that of a third party making advances to the tenant, yet such priority exists only for rent accruing or advances made during the year in which the crops are grown, and not for a balance due for an antecedent year.

This was a CIVIL ACTION, tried at January Term, 1893, of FRANKLIN Superior Court, before *Shuford, J.*, and a jury.

---

*CLARK, J., did not sit on the hearing of this case.

The action of claim and delivery of personal property was brought by plaintiffs against the defendant George Johnson to recover possession of certain crops which had been conveyed to plaintiffs by defendant by lien bond and mortgage registered March 23, 1891, to secure advances to be made to enable him to make a crop during the year 1891 on lands rented from defendant D. H. Gill. Said D. H. Gill was allowed to interplead and set up title to crops in himself. In response to issues submitted to the jury they found that the value of the crops seized by the plaintiffs was $65.71, and that the defendant George Johnson was indebted to the defendant D. H. Gill, as alleged in said Gill's interplea, in the sum of $66.68.

The defendant D. H. Gill, in his own behalf, testified as follows: "George Johnson lived on my land in 1890. At some time during said year I contracted to rent him the said land for 1891 for the price of $90. In the beginning of the year 1891, when we came to settle the transaction of 1890, he was in debt to me for rents and supplies in the sum of $80. I allowed him $20 for building a tobacco barn and gave him the balance of $60. He agreed to pay me $150 rent for the year 1891. The rent agreed upon for the year 1891 was intended to cover $90 rent for 1891 and the balance of $60 which the defendant owed me. That was the basis of the contract, though I considered it an entirely new agreement. The object was to make the $60 a part of the rent for 1891 so as to give me a lien for it on the crop of that year. I received of crop of 1891 $95.02. Before the crop was seized Mr. Ballard wrote me and asked me if I had any lien on the crop of Johnson. I made no reply. This was in the fall after part of the crop was gathered."

It was admitted that there was still due the plaintiff for supplies to make said crop $55, and that the value of the

crops seized was $65.71; that the plaintiff incurred an expense of $26.41 for saving and marketing the crops; that George Johnson was ready, able and willing to save and market the same, and was proceeding to do so at the time of its seizure, and that the other personal property embraced in plaintiff's mortgage was insufficient to discharge plaintiff's debt.

Plaintiff asked his Honor to charge the jury upon the testimony that the defendant Gill was not entitled to recover, the lien of the plaintiff for supplies being prior and superior to that of said Gill, except for the $90 rent and advances made during the year 1891, amounting to $12, and that as far as the contract for rent attempted to secure the amount of $60 due for the transaction for 1890 it was void as to this plaintiff. His Honor refused to give this charge, and instructed the jury to return a verdict as above stated. Plaintiff excepted, and moved to be allowed $26.41 expended in gathering and making said crops. This motion and motion for new trial were overruled, and from the judgment for defendant Gill the plaintiffs appealed.

*Mr. N. Y. Gulley*, for plaintiffs (appellants).
*Mr. C. M. Cooke*, for defendant.

SHEPHERD, C. J.: For the encouragement of agriculture the Legislature has provided that one who advances money or supplies to any person who is engaged in, or about to engage in, the cultivation of the soil shall, if the agreement be in writing and registered, be entitled to a lien on the crops made during the year in which such advances are made. It is also provided that this lien shall be preferred " to all other liens existing or otherwise, to the extent of such advances." *The Code*, §1799. It is further provided by section 1754 that a landlord shall have a lien on

the crops of his tenant until the rents are paid and until all the stipulations contained in the lease or agreement shall be performed, and until the landlord shall be paid for all advances made and expenses incurred in making and saving said crops. The act provides that such lien shall be preferred to all other liens.

The seeming conflict as to priority is avoided by section 1800 of *The Code*, in which it is declared that the lien for advances "shall not affect the rights of landlords to their proper share of rents" (*Wooten* v. *Hill*, 98 N. C., 48) and "all advancements made and expenses incurred in making and saving said crops" (*Brown* v. *Brown*, 109 N. C., 124), but it is plain, both from the language as well as the spirit of the law, that the lien applies only for rents due and advances made for and during the year in which the crops are cultivated. It was not intended to confer a lien upon the landlord for any antecedent debt which the lessee might stipulate to pay and give it a preference over the agricultural lienee, whose money and supplies materially assisted in the production of the crops. This view is assumed to be correct in *Thigpen* v. *Maget*, 107 N. C., 39, and is undoubtedly in harmony with the policy of the law in securing the landlord his rent, and at the same time enabling the tenant to obtain advances from third parties.

In this case it is manifest from the testimony of the defendant that he leased the land to Johnson for the year 1891 for the sum of ninety dollars, and that the additional sixty dollars was the balance due him for the preceding year. He should only have been allowed ninety dollars and twelve dollars advances, and after discharging these amounts the proceeds should have been applied to the payment of the plaintiff's advances and the expense of saving and gathering the crops. There must be a

New Trial.