L. FLEMING v. J. R. DAVENPORT.

*Agricultural Lien — Landlord's Lien for Advances — Priority of Landlord's Lien over Advances of Others — Attaches only on Crop of Current Year.*

Although under sections 1754, 1799 and 1800 of *The Code* the lien of a landlord for advances is superior to that of a third party making advances to the tenant, nevertheless such priority exists only for advances made during the year in which the crops were made and not for a balance due for an antecedent year.

This was a CIVIL ACTION, tried before *Bynum, J.,* at March Term, 1894, of PITT Superior Court, on an appeal from a justice of the peace.

It was in evidence at the trial in the Superior Court that one Joseph Fleming made a general assignment on the 28th day of October, 1892, to Lunsford Fleming, the plaintiff in this action, and that he is suing as such trustee. Among the property so assigned was the entire interest of the assignor in the crops of 1892, grown on his lands, no matter whether grown by himself or by his tenants, and also all accounts due said assignor. Among the tenants of said assignor for the year 1892 was one Lazarus Daniel, and this controversy was about his crop.

It was also in evidence that said tenant, Lazarus Daniel, executed to defendant on the 5th day of November, 1892,

a mortgage upon his entire interest in his crop of 1892 to secure debts due to defendant.

It was also in evidence that among the accounts due, or said to be due said assignor, was one against his said tenant, Lazarus Daniel, for $64.87. Half of this account, it was admitted by plaintiff, was for a debt due the said assignor by his said tenant Lazarus Daniel for the year 1891, and the balance was alleged to be for supplies furnished said tenant by said assignor or landlord.

It was also in evidence that the assignor, Joseph Fleming, got from the defendant Davenport nearly all his supplies to run his tenants for the year 1892, including the tenant Lazarus Daniel. That said Joseph Fleming gave orders on said Davenport to his tenants, and that Davenport furnished the supplies to the tenants on these orders and charged the same to said Joseph Fleming, and that they have not been paid for.

It was also in evidence that the plaintiff received of the crop of said tenant, Lazarus Daniel, seven bales of cotton, half of which belonged to plaintiff as rent, and that he sold these seven bales of cotton to defendant for 9½ cents per pound, amounting to $301.88. That in a settlement, on the 7th day of December, 1892, between the plaintiff and defendant for these seven bales of cotton, Davenport paid over to plaintiff $150.94 out of same as rent and $22.51 for the bagging and ties and the ginning of the several bales, making a total of $173.45, for which he took the receipt of plaintiff, reciting that it was in full of the interest of Lazarus Daniel in the seven bales of cotton.

It was also in evidence that at the time of this settlement the plaintiff presented the account of $64.87 and insisted that it should also be paid out of the proceeds of the cotton, but that Davenport declined to allow it, and that he retained the balance, to-wit, the sum of $128.43, of the proceeds of

the seven bales of cotton, claiming it as his under the mortgage executed to him by the tenant, Lazarus Daniel, and applied the same as a curtail on said mortgage.

The plaintiff introduced evidence tending to show that there was a verbal agreement between the landlord and tenant that the account of 1891 should be a lien on the crop of 1892. This was disputed by the tenant. There was also evidence to show that the defendant actually furnished the tenant with the kainit, $13.50, and the clothes, $4, charged in the account of 1892, and that defendant has not been paid for them.

Defendant asked for following instructions, among others:

"In no event can the landlord call upon Davenport to pay out of the cotton which came into his possession more than the actual advances made by Fleming to his tenant in 1892 to enable him to make his crop of that year, and the Court charges you that the balance of the tenant's account for 1891 is not a lien on the tenant's interest in the cotton of 1892 superior to Davenport's lien, and you cannot charge this against him in this proceeding."

His Honor refused to charge the jury as requested, but in lieu of that gave the following instructions, to-wit:

"If you find the fact to be that Daniel was a tenant of Joseph Fleming for the year 1891 and again for 1892, and Daniel owed Joseph Fleming anything for the year 1891 as advancements, and there was no special contract between them in the renting for 1892 that the amount due for 1891 should be a charge or lien on the 1892 crops, then plaintiff, as assignee in this case, was not entitled to recover that amount in this case. If you find that Daniel rented for 1892 then Joe Fleming and the plaintiff, as his assignee, had a lien upon all the crops raised for the rents and for any sum advanced that year, and if he thought proper to let Daniel

FLEMING *v.* DAVENPORT.

take the corn and fodder and other crops, and to hold the cotton for the amount due him, he had a right to do that, and although the defendant had a mortgage on it, the plaintiff's lien was superior to his, and he had a right to recover it out of this cotton.   If you find that Joe Fleming and Daniel made a special contract in '92 that the amount due for '91 should be a lien on the crop of '92, then that also became a lien as against any debt to another not secured by a mortgage, and as the mortgage of the defendant was not made until after the assignment, his lien is inferior to that of plaintiff, as assignee of Joe Fleming, and the plaintiff is also entitled to recover that sum.   So, if you find that there was a special contract between Joe Fleming and Daniel in writing in '92 that the amount due from Daniel to Joe Fleming for 1891 should be a lien on the '92 crop, the answer to the issue will be the amount due from '91 and '92, whatever you may find that to be.   If you find the special contract for the account of '91 to be a lien on the '92 crop was not made, the answer will be the amount advanced by Joe Fleming for the year 1892.

The issue submitted to the jury was—

"Is defendant indebted to the plaintiff, and if so, in what amount?"

To which the jury responded, under the instructions given by His Honor,   "Yes, in the sum of sixty-four dollars and eighty-seven cents, with interest at 6 per cent. from date of sale of cotton."

His Honor thereupon rendered the judgment for the plaintiff, and defendant appealed.

*Messrs. Jarvis & Blow*, for defendant (appellant).
No counsel, *contra*.

FURCHES, J.: This case is controlled by *Ballard* v. *Johnson*, 114 N. C., 141, and is so fully discussed there, we see no reason for discussing it in this case.

The defendant was entitled to his second prayer for instructions to the jury.

The court declined to give these instructions, and this entitles the defendant to a new trial. And, as this substantially disposes of the matters controverted, we do not consider the other questions presented by the appeal. There is error.

New Trial.