B. B. WILLIAMS, TRUSTEE, v. R. E. DAVIS, SHERIFF, AND THE CITIZENS BANK.

(Filed 1 March, 1922.)

**Liens—Agricultural Liens—Priorities—Mortgages—Deeds in Trust.**

An agricultural lien, given by C. S., 2480, for the purpose of enabling the cultivation of the soil to raise a crop, is preferred by the statute to all others, except those given the landlord or laborer under C. S., 2481, when it is in proper form and duly registered; and it is preferred to liens of other kinds existing by mortgage or deed in trust on the same crop, to the extent of the amount advanced thereunder.

APPEAL by plaintiff from *Calvert, J.,* at the September Term, 1921, of WARREN.

This is a controversy as to the title and possession of a tobacco crop, which was sold by the defendant, Sheriff R. E. Davis, who collected and has in his custody the proceeds of the sale, subject to the decision of the court as to the ownership thereof. The court, upon the matter being submitted to it with a statement of the facts, entered judgment as follows:

"This action, coming on to be heard at said term of said court, and being heard before Hon. Thomas H. Calvert, judge presiding, and a jury trial having been waived in writing by the parties to said action, and the parties having agreed upon the facts and having submitted the same in writing to the court as follows:

"1. That one F. B. Newell, Jr., is now, and was at the time hereinafter mentioned, a citizen and resident of Warren County, State of North Carolina.

"2. That said F. B. Newell, Jr., during the year 1920 was engaged in farming operations in said Warren County.

"3. That on 3 January, 1920, said F. B. Newell, Jr., executed a deed of trust to B. B. Williams, trustee, wherein the grantor conveyed to said trustee an undivided one-half interest in a certain tract of land therein described, and also conveyed by said instrument, a one-half undivided interest in certain tobacco in the following language: 'And does also sell and convey and set over to the aforesaid Williams, trustee, a one-half undivided interest in and to one hundred acres of tobacco to be grown by Newell Brothers on the above described lands and adjoining tract of said Newell'; that said deed of trust was filed for registration in the office of the register of deeds for said Warren County on 5 January, 1920, and was registered in said office in Book 107, page 166, which book is one of those regularly used for recording deeds of trust on lands.

"4. That on 7 February, 1920, said F. B. Newell, Jr., executed to the citizens bank of Warrenton an agricultural lien for advances, according to the regular statutory form, to secure the payment of the sum of $3,000, and in said agricultural lien said Newell conveyed certain cattle and chattels, and gave a lien upon all crops to be grown during the year 1920 on the lands described in said agricultural lien; that said lien was duly filed and registered in the office of the register of deeds for said Warren County in Book 44, page 473, which book is one of those regularly used for recording agricultural liens.

"5. That about $2,000 of the amount secured by said F. B. Newell, Jr., in the deed of trust executed to B. B. Williams, trustee, as aforesaid, was used by said F. B. Newell, Jr., in the making and cultivation of the tobacco mentioned in said deed of trust.

"6. That the $3,000 secured by said F. B. Newell, Jr., in the agricultural lien executed by him to the Citizens Bank of Warrenton was made

to said Newell at the time of the execution of said lien, and was used by said F. B. Newell, Jr., in the making, cultivation, and saving of the crops on the lands described in said agricultural lien.

"7. That the defendant R. E. Davis, sheriff of said Warren County, under a warrant issued to him by the clerk of the Superior Court of said county on 17 January, 1921, under section 2488 of the Consolidated Statutes of North Carolina, seized certain tobacco, the same being a part of the crops cultivated and grown by said F. B. Newell, Jr., on the lands described in the aforesaid agricultural lien and deed of trust, and after due advertisement, sold said tobacco on the premises of said F. B. Newell, Jr., at public auction to the highest bidder for cash; where and when W. B. Boyd became the last and highest bidder therefor, and was declared the purchaser thereof at the price of $1,700; that said tobacco was located in barns on the aforesaid lands of F. B. Newell, Jr., and was exhibited to the bidders at said sale; that at said sale the plaintiff, the Bank of Warren, was a competitive bidder for said tobacco; that said W. B. Boyd, the purchaser of said tobacco, complied with his said bid, and the defendant R. E. Davis, sheriff, as aforesaid, delivered said tobacco to said W. B. Boyd.

"8. That the land security embraced in the aforesaid deed of trust to B. B. Williams, trustee, was on 7 February, 1921, sold under the terms of prior deed of trust, but surplus was not sufficient to pay off the debt secured by said deed of trust.

"9. That the crops, cattle, and chattels embraced in the lien executed by said F. B. Newell, Jr., to the Citizens Bank have been exhausted and were not sufficient to pay off the debt secured by said lien.

"And the parties to this action having agreed in writing for the court to render such judgment as may be proper upon the foregoing agreed facts, it is now by the court, after hearing the arguments of counsel for plaintiffs and defendants, considered, ordered, and adjudged that the agricultural lien to the Citizens Bank, junior in date and registration to the mortgage or deed of trust to B. B. Williams, trustee, takes precedence of said deed of trust; and it is further ordered and adjudged that the proceeds derived from the sale of the tobacco be applied as follows: First, to the payment of the amount now due on the $3,000 secured by said agricultural lien; second, that the surplus, if any, shall be applied to the amount now due on the debt secured by said deed of trust to B. B. Williams, trustee. It is further considered and adjudged that the plaintiffs pay the costs of this action to be taxed by the clerk, and that the defendants go hence without day. THOMAS H. CALVERT,

*Judge Presiding."*

Plaintiff excepted to this judgment, and appealed.

*B. B. Williams for plaintiff.*
*Tasker Polk and Murray Allen for defendants.*

WALKER, J.   There is no doubt that the instrument, under which the Citizens Bank asserts its right to the proceeds of sale now in the hands of the sheriff, is what is known as an agricultural lien, and was drawn and registered in accordance with the statute, C. S., 2480.   Unless, therefore, the plaintiff can show a prior valid lien upon the crop of tobacco, the proceeds of which are now claimed by the defendants, the judgment of the court was correct.   The lien of the Citizens Bank is, in form and substance, an agricultural lien, and as it was duly registered is entitled to preference over all other liens except the laborer's and landlord's liens, to the extent of the advance made under it.   The instrument, under which the plaintiff claims these proceeds is in form and substance nothing more than a deed of trust to secure a debt.   It is true the lien of it rests upon a part of the crop as well as upon the other property described in it, but this does not necessarily make it an agricultural lien, which is entitled to any special priority under the statute over others existing or otherwise.   If the deed of trust was simply given to secure an antecedent debt due to the Bank of Warren, and was not in form, and in fact an agricultural lien, the Bank of Warren acquired no prior lien upon the crop of tobacco over the Citizens Bank.   This is settled beyond dispute by the following cases in this Court: *Clark v. Farrar,* 74 N. C., 686; *Patapsco v. Magee,* 86 N. C., 350; *Wooten v. Hill,* 98 N. C., 48.   There was nothing on the face of the deed of trust to B. B. Williams, trustee, to secure the debt due to the Bank of Warren, under which the plaintiff claims, to notify subsequent lienors, and especially the Citizens Bank, that it was an agricultural lien, or entitled to any more priority or preference than an ordinary mortgage or trust to secure a plain and simple debt owing by F. B. Newell, Jr., to the Bank of Warren, and when it was thus executed and registered the said bank took the risk of an agricultural lien being afterwards registered which would supersede it as a first lien upon the crop, and also any subsequent encumbrance by deed or mortgage which is not a lien of the kind mentioned and provided for in the statute (C. S., 2480), and peculiarly protected by it even against a prior encumbrancer.

With reference to this somewhat anomalous lien, which relates back and over-reaches prior encumbrances by special provision of the statute, *Justice Davis* said in *Wooten v. Hill,* 98 N. C., 53: "Section 1799 of The Code declares that the lien for advances made to enable the cultivator of the soil to make the crop, shall, as to the crop made by the aid of such advances, be good 'in preference to all other liens existing or

otherwise, to the extent of such advances,' upon a compliance with the provisions of the statute, the only exception being that in favor of the landlord (or laborer), contained in the following section. Why does not the purchaser or mortgagee of the crop take with as full knowledge of the provisions of this section of The Code as of that which secures the rights of the landlord? He takes with a full knowledge that if advances shall be necessary to enable the cultivator to make the crop, and without which there would perhaps be no crop, such advances shall be a *preferred* lien upon the crop, made by reason of such advances, and that this preference shall extend to 'existing' liens. All laws relating to the subject-matter of a contract enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. *O'Kelly v. Williams,* 84 N. C., 281; *Lehigh Water Co. v. Easton,* 121 U. S., 391. It impairs the obligation of no contract. Land is sold under execution— there is a lien on the crop for advances—the purchaser buys in subordination to this lien under section 1799 of The Code. *Dail v. Freeman,* 92 N. C., 351." It is said in *Herman v. Perkins,* 52 Miss., 813, that, although an agricultural lien may be junior in date to a mortgage, yet the right of the mortgagee is subordinate to the agricultural lien subsequently imposed by the mortgagor upon the crop. The statute giving the lien in Mississippi is not more absolute or imperative than ours. In *Stone v. Simpson,* 62 Ala., 194, a similar construction was placed upon the agricultural lien law of that State, and it was held that, under the statute, a crop lien had "precedence over all prior mortgages, and all prior liens, except that of the landlord for rent." The same construction has been placed upon similar statutes in New Jersey, Arkansas, and other states. *Vreeland v. Jersey City,* 37 New Jersey, 574; *Case v. Allen,* 21 Ark., 217. *Justice Bynum* observed in *Patapsco v. Magee,* 86 N. C., at p. 354: "It is needless to speculate why this provision is made by the statute. It is clearly so written, and can be conveniently observed, and if parties will willfully disregard it, they must abide the consequences."

This seems to be the law, with respect to such liens, both in this and in other jurisdictions where the same question has been raised, as appears above.

We must hold, as did the learned judge who presided below, that the prior lien upon the proceeds of the sale of the tobacco belongs to the defendant, subject to any just and legal charges thereon in favor of the sheriff or other officers for their services, and it will be so certified.

Affirmed.