ELLEN M. BROOKS, EXECUTRIX, v. MRS. P. C. GARRETT AND ROY
GARRETT.

(Filed 11 April, 1928.)

**Agriculture—Agricultural Liens—Crops on Which Lien for Advancements Rest—Landlord and Tenant—Lien for Rent.**

> Where a landlord furnishes his tenant advancements for the making of
> crops, the lien for the rent and for advancements are in equal degree,
> and now attach, since the amendment of C. S., 2480, by chapter 302, Public Laws 1925, to the crops raised by the tenant on the same lands,
> planted during one calendar year and harvested in the next.

CIVIL ACTION before *Bond, J.*, at February Term, 1928, of GRANVILLE.

The plaintiff's testator was a landowner in Granville County and
rented a certain farm to P. C. Garrett, now deceased, for agricultural
purposes. During the year 1925 the landlord furnished certain supplies,
for agricultural purposes, during said year to the tenant. In the fall of
1925 the tenant sowed about six bushels of wheat furnished him by said
landlord upon the lands of the landlord. The wheat was harvested in
1926 by the tenant, who paid the seed wheat and the portion of the crop
due as rent. The tenant, however, refused to pay out of the wheat a
balance due the landlord for advances made during the year 1925, prior
to sowing the wheat crop in November of that year. Thereupon the landlord seized the wheat crop consisting of 40 bushels, under claim and
delivery. The tenant replevied the wheat and when the cause came on
for trial the parties agreed that the judge should find the facts and
award judgment.

Upon the foregoing facts the trial judge awarded judgment to the
plaintiff and the defendant appealed.

*Royster & Royster for plaintiff.*
*John W. Hester for defendant.*

BROGDEN, J. The question is this: Is a wheat crop planted in one
year and harvested by the same tenant, in another, liable for advancements furnished generally by the landlord and prior to the sowing
thereof?

The landlord's lien does not attach to a crop made entirely in a year
subsequent to that in which the advancements are furnished to the tenant.
*Ballard & Co. v. Johnson*, 114 N. C., 141; *Fleming v. Davenport*, 116
N. C., 153. See, also, 9 A. L. R., 300.

C. S., 2355, provides a lien upon "any and all crops raised on said
lands" for rent and advancements made by the landlord "and expenses
incurred in making and saving said crops." This statutory lien in favor

of the landlord by express declaration "shall be preferred to all other liens." Public Laws 1925, chapter 302, reënacts C. S., 2480, and provides that a lien for advancements made by a supplyman "shall continue to be good and effective as to any crop or crops which may be harvested after the end of the said year, but that the said lien shall be effective only as to those crops planted within the calendar year of the execution of said lien, and referred to in the said lien." It is clear therefore that a supplyman would have a lien upon the wheat crop in controversy, even though it was harvested after the end of the year in which the supplies were furnished.

The statute further provides that the lien of supplyman shall be preferred to all other liens "except laborer's and landlord's lien, to the extent of such advances." This legislative declaration is broad and explicit enough to sustain the judgment, because it expressly recognizes the superior priority of a landlord's lien. The wheat crop was certainly a crop "raised on said land" as specified in C. S., 2355. In *S. v. Crook*, 132 N. C., 1053, the Court said: "Hay is not cultivated like cotton, any more than wheat is cultivated in the sense that corn is, but the court could not therefore lay down the proposition that either wheat or hay is "not a cultivated crop." A case directly in point is *Miles v. James*, 36 Ill., p. 399. That case involved a wheat crop planted in one year and harvested in another. The Court said in referring to the statute in that State, "the design was to give the landlord a lien upon all crops growing or grown during the year that the rent accrued, and there seems to be no escape from the conclusion, that as this wheat was growing in both years, the rent of each year became a lien upon it, which the landlord may enforce."

The statutes of this State, applicable to the question, make no distinction between the lien of landlord for rent and for advancements made by him, but place both upon a parity.

Affirmed.