EASTERN COTTON OIL COMPANY v. S. E. POWELL, JAMES E. WILSON, INTERPLEADER; MAGGIE LEE, INTERPLEADER, AND MARY MARTIN, INTERPLEADER.

(Filed 23 September, 1931.)

**Agriculture D b—Crop lien under C. S., 2480, is superior to prior registered chattel mortgage on crops for antecedent debt.**

A statutory agricultural lien for supplies and advancements during the current crop year, conforming to the requirements of the statute both as to context and registration, is superior to a prior registered chattel mortgage given to secure an antecedent debt, the chattel mortgage not being in the required form to constitute a crop lien for supplies as contemplated by statute. C. S., 2480.

APPEAL by James E. Wilson, interpleader, from *Sinclair, J.,* at April Term, 1931, of JOHNSTON. Affirmed.

*Leon G. Stevens and E. J. Wellons for plaintiff.*
*James Raynor and Winfield H. Lyon for James E. Wilson, interpleader.*

PER CURIAM. The question involved: Is a chattel mortgage upon crops to secure an antecedent debt that is not in the required form to constitute a crop lien for supplies as contemplated by the statute, C. S., 2480, sufficient to enable it to take precedence over a subsequently recorded agricultural lien for supplies in the form required by the statute? We think not.

C. S., 2480: "If any person makes any advance either in money or supplies to any person who is engaged in or about to engage in the

cultivation of the soil, the person making the advances is entitled to a lien on the crops made within one year from the date of the agreement in writing herein required upon the land in the cultivation of which the advance has been expended, in preference to all other liens, except the laborer's and landlord's liens, to the extent of such advances. Before any advance is made an agreement in writing for the advance shall be entered into, specifying the amount to be advanced or fixing a limit beyond which the advance, if made from time to time during the year, shall not go; and this agreement shall be registered in the office of the register of the county where the person advanced resides; provided, that the lien shall continue to be good and effective as to any crop or crops which may be harvested after the end of the said year."

Although under this section the lien of a landlord for rent and advances is superior to that of a third party making advances to the tenant, yet such priority exists only for rent accruing or advances made during the year in which the crops are grown, and not for a balance due for an antecedent year. *Ballard & Co. v. Johnson,* 114 N. C., 141.

An agricultural lien duly executed and registered takes precedence over a mortgage of prior date and registration upon the "crops" therein subjected to the extent of the advances made. *Wooten v. Hill,* 98 N. C., 48; *Killebrew v. Hines,* 104 N. C., 194. *Williams v. Davis,* 183 N. C., 90; *Collins v. Bass,* 198 N. C., 99; *White v. Riddle,* 198 N. C., 511; see Public Laws of 1931, ch. 173. For the reasons given, the judgment of the court below is

Affirmed.